993 F.2d 1547
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Paul DAHLQUIST, Defendant-Appellant.
 No. 92-6362.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is a direct appeal from a judgment of conviction. Defendant's counsel has moved to withdraw and has filed a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit, and Anders v. California, 386 U.S. 738 (1967). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 5, 1992, David Paul Dahlquist was named in a two-count federal indictment while incarcerated on Tennessee state criminal charges. On March 6, 1992, a detainer was filed with state authorities. Although Dahlquist received a copy of the detainer, he was not advised of his right to a speedy trial or of the federal charges pending against him. On May 14, 1992, after being placed on probation from the state offenses, Dahlquist was brought before the federal district court and served for the first time with a copy of the indictment. Dahlquist moved for dismissal of the indictment on grounds that the government failed to comply with requirements of the Speedy Trial Act, 18 U.S.C. § 3161(j). His motion for dismissal was denied.
 
 
 3
 Preserving his right to appeal the denial of his motion to dismiss the indictment, Dahlquist pleaded guilty to count two of the indictment, possessing a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). He was sentenced to serve five years imprisonment and three years supervised release and to pay a $50.00 special assessment. This appeal followed.
 
 
 4
 Upon review, we conclude that the appeal lacks merit. Review of the record supports the conclusion that the district court did not err in denying the motion to dismiss the indictment based on alleged violations of the Speedy Trial Act or of Dahlquist's Sixth Amendment right to a speedy trial.
 
 
 5
 First, the appeal lacks merit because dismissal of the indictment is not an available remedy for an alleged violation of 18 U.S.C. § 3161(j). See United States v. Saffeels, 982 F.2d 1199, 1204-05 (8th Cir.1992). Moreover, the record does not support Dahlquist's claim that the alleged violation of § 3161(j) resulted in a denial of his right to a speedy trial.
 
 
 6
 Finally, the record does not support Dahlquist's claim that he was denied his Sixth Amendment right to a speedy trial. Relevant considerations are the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant. See Barker v. Wingo, 407 U.S. 514, 530 (1972). Additionally, the defendant must show that the delay was intentional and that he suffered actual prejudice. United States v. Van Dyke, 605 F.2d 220, 226 (6th Cir.), cert. denied, 444 U.S. 994 (1979). Dahlquist's allegations are insufficient to establish a constitutional violation of his right to a speedy trial.
 
 
 7
 Accordingly, counsel's motion to withdraw is hereby granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.