F I L E D
United States Court of Appeals
Tenth Circuit

APR 12 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE MIGUEL TORRES-CENTENO,

    Defendant-Appellant.

No. 99-4137

D. Utah

(D.C. No. 98-CR-450-J)

---

**ORDER AND JUDGMENT** [*]

---

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. [**]

---

Mr. Torres-Centeno, also known as Armando Mora-Rodriguez in the district court proceedings, entered a conditional guilty plea to one count of illegal reentry of a deported alien under 8 U.S.C. § 1326. See Fed. R. Crim. P. 11(a)(2). He appeals the district court's denial of his motion to dismiss, in which he argued that two violations of the Speedy Trial Act, 18 U.S.C. § 1361, warranted

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

dismissal of the indictment: (1) the failure to schedule a trial within the required seventy-day period; and (2) the failure of the the government to promptly file a detainer. Mr. Torres-Centeno also advances several constitutional claims that he did not present to the district court. For the reasons set forth below, we affirm the district court's denial of Mr. Torres-Centeno's motion and reject his new constitutional claims.

## II. BACKGROUND

After the grand jury returned an indictment against Mr. Torres-Centeno on August 26, 1998, the United States Marshal's Service attempted to served a detainer and a notice of speedy trial rights at the Salt Lake City Jail. It believed that Mr. Torres was incarcerated there for an unrelated offense. On September 2, 1998, the Marshal's Service received an unexecuted copy of the notice. According to the government, "[t]here was no information accompanying the return Notice informing the United States that the defendant had been transferred from the jail's custody." Rec. vol. I, doc. 20, at 2.

On January 20, 1999, the United States Attorney filed a Petition for Writ of Habeas Corpus Ad Prosequendum. The magistrate judge issued the writ on the same day, ordering Mr. Torres-Centeno to appear in court and enter a plea to the indictment. Upon attempting to serve the writ at the Salt Lake City Jail, the

Marshal Service learned that Mr. Torres-Centeno had been transferred to the Utah State Prison. The United States Attorney then filed a second Petition for Writ of Habeas Corpus Ad Prosequendum. The magistrate judge issued a second writ, ordering Mr. Torres-Centeno to appear and enter a plea to the indictment on February 2, 1999. On that date, Mr. Torres-Centano made his initial appearance and entered a plea of not guilty. The court set the case for a April 13, 1999 jury trial.

Mr. Torres-Centeno filed his Motion to Dismiss for a Speedy Trial Act Violation on February 26, 1999. The district court issued an order denying the motion on March 25, 1999. Mr. Torres-Centeno filed a Motion to Reconsider on March 29, 1999 and an Amended Motion to Dismiss on April 12, 1999. On April 13, 1999, the district court issued an order denying both of those motions. Mr. Torres-Centeno entered a conditional guilty plea to the indictment on April 20, 1999.

## II. DISCUSSION

Mr. Torres-Centeno argues that the delay between his indictment in August 1998 and his scheduled trial in April 1999 impermissibly exceeded the seventy-day requirement of § 3161(c)(1). He also contends that the government did not

promptly serve him with a detainer under § 3161(j). According to Mr. Torres-Centeno, both Speedy Trial Act violations warrant dismissal of the indictment. Mr. Torres-Centeno's arguments raise questions regarding the proper interpretation of the Speedy Trial Act, and we therefore engage in de novo review of the district court's conclusions. See United States v. Lugo, 170 F.3d 996, 1000 (10th Cir. 1999).

We are not persuaded by Mr. Torres-Centeno's argument that the government violated the seventy day provision of the Speedy Trial Act. Section 3161(c)(1) provides that a defendant's trial shall:

> commence within seventy days from the filing date of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1) (emphasis supplied); see Lugo, 170 F.3d at 1001. Here, although Mr. Torres-Centeno was indicted on August 26, 1998, he did not make his initial appearance in federal court until February 2, 1999. As the government notes, Mr. Torres-Centeno's filing of pretrial motions results in the exclusion of the period during which those motions were pending from the Speedy Trial Act calculation. See Aplee's Br. at 5 n.1 (citing 18 U.S.C. § 3161(h)(1)(F)). When these exclusions are taken into account, the time from Mr. Torres-Centeno's initial appearance to his guilty plea is significantly less than the seventy-day

-4-

maximum.  See Aplee's Br. at 5 n.1 (calculating thirty-five days from initial appearance to guilty plea).

Mr. Torres-Centeno's argument regarding the government's filing of a detainer is based on 18 U.S.C. § 3161(j)(1), which provides:

> If the Attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly—
>     (A) undertake to obtain the presence of the prisoner for trial; or
>     (B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial

He contends that the government did not "promptly" "undertake to ohtain [his] presence for trial" or "cause a detainer to be filed."

Because the statute does not define "prompt," we deem it appropriate to base our decision on the circumstances surrounding the delay.  In this case, the delay resulted from the government's error as to the facility in which Mr. Torres-Centeno was incarcerated.  The period from the filing of the indictment to the issuance of the writ of habeas corpus ad prosequendum to the proper facility was slightly more than five months (August 26, 1998 until February 2, 1999).  This delay is regrettable, but it is insufficient to establish a violation of § 3161(j)(1).  See United States v. Tanner, 941 F.2d 574, 582-83 (7th Cir. 1991) (collecting cases); see also United States v. Anderton, 752 F.2d 1005, 1007-08 (5th Cir.

1985) (delay of more than fifteen months between indictment and arraignment did not mandate violation of § 3161(j)(1)); United States v. Roper, 716 F.2d 611, 613-14 (4th Cir. 1983) (stating that a delay of more than four months due in part to three month delay of unexecutable writ did not preclude holding that "the government attorney did act promptly enough to comply with [§ 3161(j)(1)]").

We further note that even if Mr. Torres-Centeno could establish that the government failed to act "promptly" in obtaining his presence for trial or service the detainer, he has failed to demonstrate that dismissal of the indictment would be an appropriate remedy. As the district court observed, every circuit that has addressed this issue has held that dismissal is not an available remedy for a violation of § 3161(j)(1). See United States v. Paredes-Batista, 140 F.3d 367, 375 (2d Cir. 1998); United States v. Guzman, 85 F.3d 823, 829 n.4 (1st Cir. 1996) (stating that "the law is pellucid that the dismissal of an indictment is not a suitable remedy for a violation of 18 U.S.C. § 3161(j)(1)"); United States v. Dahlquist, No. 92-6263, 1993 WL 152073, at **1 (6th Cir. May 11, 1993); United States v. Saffeels, 982 F.2d 1199, 1203 (8th Cir. 1992) vacated on other grounds, 510 U.S. 801 (1993); Tanner, 941 F.2d at 582-83 (stating that "the remedy for such a violation is not dismissal of the indictment, but rather disciplinary sanction against the government attorney"); United States v. Valentine, 783 F.2d 1413, 1416 (9th Cir. 1986) (reviewing legislative history of § 3161(j)(1) and

determining that "we cannot infer that Congress intended that the sanction of dismissal be imposed for a violation of [this section]"); Anderton , 752 F.2d at 1007-08.

Finally, we review Mr. Torres-Centeno's several constitutional claims that were not raised below (including his claim that the government violated the Sixth Amendment's Speedy Trial Clause) for plain error. We have reviewed the record and the applicable law and we conclude that there is no plain error here.

For the reasons set for above we AFFIRM the district court's denial of Mr. Torres-Centeno's Motion to Dismiss Indictment for Speedy Trial Act violation.

Entered for the Court

Robert H. Henry
United States Circuit Judge