*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0160p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

RODNEY MCGILVERY,

　　　　　　　　*Defendant-Appellant.*

No. 04-1013

>

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-80583—Nancy G. Edmunds, District Judge.

Argued: March 16, 2005

Decided and Filed: April 5, 2005

Before: COLE and GILMAN, Circuit Judges; POLSTER, District Judge.[*]

---

## COUNSEL

**ARGUED:** Mark H. Magidson, Detroit, Michigan, for Appellant. Graham L. Teall, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** Mark H. Magidson, Detroit, Michigan, for Appellant. Graham L. Teall, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

---

## OPINION

---

POLSTER, District Judge. Defendant-Appellant Rodney McGilvery ("McGilvery") appeals his sentence of twenty-one months' imprisonment following his conviction, pursuant to a guilty plea, for misprision of felony in violation of 18 U.S.C. § 4. McGilvery raises three issues on appeal. First, he argues that the government breached its plea agreement by failing to move for a downward departure for substantial assistance under U.S. Sentencing Guidelines § 5K1.1. Next, he argues that the district court abused its discretion when it denied his motion for a downward departure for aberrant behavior under U.S. Sentencing Guidelines § 5K2.20. Finally, McGilvery argues that the case should be remanded for re-sentencing in light of the Supreme Court's decision in *United States*

---

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

*v. Booker*, __ U.S. ___, 125 S.Ct. 738 (2005).[1]  For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.

## I.  BACKGROUND

On August 10, 2000, a federal grand jury issued a sealed indictment charging McGilvery and others with one count of conspiracy to possess with intent to distribute and to distribute a controlled substance (specifically, cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On March 7, 2001, McGilvery was charged with the same offense in a superceding indictment.  On July 18, 2003, McGilvery was charged in a superceding information with one count of misprision of felony in violation of 18 U.S.C. § 4.  McGilvery pled guilty to the misprision charge pursuant to a written plea agreement.  In exchange, the government dismissed the remaining counts against him.

The plea agreement provided that the government would seek a downward departure at sentencing pursuant to U.S. Sentencing Guidelines § 5K1.1, or a reduction of sentence under Federal Rule of Criminal Procedure 35, if it determined that McGilvery's cooperation amounted to substantial assistance in the investigation or prosecution of others.  Under the terms of the plea agreement, it was exclusively within the government's discretion to determine whether McGilvery had provided substantial assistance.

The plea agreement also contained an appellate-waiver provision whereby McGilvery waived any right to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines, if the court imposed a sentence no greater than twenty-four months.

On August 5, 2003, the district court held a plea hearing where the court confirmed that McGilvery understood the terms of his plea agreement, including the appellate-waiver provision.  At the request of the court, the prosecutor summarized the terms of the plea agreement and specifically explained that McGilvery agreed to waive his right to appellate review if the court imposed a sentence no greater than twenty-four months.  The court subsequently asked defense counsel if he had anything to add to the prosecutor's recitation, and defense counsel asserted that the statement fairly represented the terms of the plea agreement.  The court also asked McGilvery if he understood and agreed with the terms of the plea agreement as described by the prosecutor, and McGilvery responded affirmatively.

On December 9, 2003, the district court held a sentencing hearing at which time the government did not move for a downward departure under § 5K1.1 or make any reference to such a motion.  McGilvery raised no objection.  At the sentencing hearing, defense counsel moved for a downward departure for aberrant behavior.  After hearing argument by defense counsel and additional comments by McGilvery himself, the district court denied the motion to depart downward for aberrant behavior, stating: "I don't see a basis for a downward departure at this time, and so I'm just going to sentence Mr. McGilvery at the bottom of the guidelines."  McGilvery was sentenced to twenty-one months' imprisonment, the low end of the Guidelines range for offense level 16, Criminal History Category I (21-27 months).

## II.  ANALYSIS

We review the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo*.  *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. Feb. 15, 2005) (citations omitted).  "'It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. Calderon*, 388 F.3d 197, 199

---

[1]The *Booker* argument was raised for the first time at oral argument.

(6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (internal quotation marks and citation omitted)). McGilvery agreed, pursuant to a plea agreement, to waive his right to appellate review if the district court imposed a sentence equal to or less than twenty-four months. Here, the district court sentenced McGilvery to twenty-one months' imprisonment. During the plea colloquy, the district court complied with Federal Rule of Criminal Procedure 11(b)(1)(N), which requires that, before a guilty plea is accepted, the court must inform the defendant of, and determine that the defendant understands the terms of any appellate-waiver provision in the plea agreement. *See Murdock*, 398 F.3d at 495-96, 499 (using plain-error analysis in holding that the district court's failure to inquire into the defendant's understanding of the appellate-waiver provision of the plea agreement rendered the waiver unenforceable). Here, the district court entrusted the responsibility of summarizing the plea agreement to the government, and the government explained that McGilvery agreed to waive his appellate rights on the condition that his sentence did not exceed twenty-four months. Following the prosecutor's recitation, the court ascertained that McGilvery understood the appellate-waiver provision of his plea agreement. Accordingly, "there is nothing in the record to suggest that . . . [the] defendant misunderstood the scope of his waiver of appellate rights," *Calderon*, 388 F.3d at 198-200 (dismissing two appeals where the plea agreement contained an appellate-waiver provision, the language in the waiver provision was clear and unlimited, and the only condition placed upon the waiver – the length of the sentence – was satisfied), and we lack jurisdiction to consider McGilvery's appeal.[2]

For the first time at oral argument, defense counsel argued that, even if McGilvery waived his right to appellate review, the case should nevertheless be remanded for re-sentencing in light of the Supreme Court's decision in *United States v. Booker*, __ U.S. ___, 125 S.Ct. 738 (2005). The Sixth Circuit directly addressed this issue in *United States v. Bradley*, ___ F.3d ____, No. 03-6328, slip. op. at 1-2 (6th Cir. Mar. 10, 2005), and concluded that a defendant cannot seek an appellate remand for re-sentencing under *Booker* where the plea agreement contains a provision waiving his right to appeal his sentence.[3]

The Court and the parties have unnecessarily devoted substantial time and resources on this appeal. In order to avoid similar situations in the future, we strongly encourage the government to promptly file a motion to dismiss the defendant's appeal where the defendant waived his appellate rights as part of a plea agreement, and to attach a copy of the appellate-waiver provision and the transcript of the plea colloquy showing the district court's compliance with Rule 11(b)(1)(N). Once the defendant responds, the matter can then be referred to a motions panel for disposition.

### III. CONCLUSION

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

---

[2] McGilvery did not articulate any basis to attack the appellate-waiver provision (or even address the provision at all) until oral argument. At oral argument, defense counsel argued that the government's failure to file a motion for substantial assistance under § 5K1.1 at sentencing constituted a material breach of the plea agreement and rendered the appellate-waiver provision unenforceable. This argument lacks merit. McGilvery did not object below to the government's failure to move for a downward departure under § 5K1.1, and concedes on appeal that the plea agreement vests to the government sole discretion to determine whether he provided substantial assistance.

[3] During the plea colloquy, the district court informed Bradley of the material terms of his plea agreement, including the appellate-waiver provision, and ascertained that Bradley understood and agreed to each of his concessions. *Bradley*, slip. op. at 2.