United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61162
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

AARON WHAVERS, also known as Big Grass

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CR-90-1
--------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:*

Aaron Whavers appeals the sentence imposed following his
guilty plea to conspiracy to distribute in excess of five
kilograms of a mixture or substance containing a detectable
amount of cocaine hydrochloride, and in excess of 50 grams of a
mixture or substance containing a detectable amount of cocaine
base, in violation of 21 U.S.C. § 846.

Whavers argues that the district court committed error under
United States v. Booker, 125 S. Ct. 738 (2005), when it sentenced

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him based on facts that were neither admitted by him or found by a jury. The Government argues that Whavers's appeal is barred by the waiver of appeal that is contained in his plea agreement and has filed a motion to dismiss the appeal.

In Whavers's plea agreement he expressly waived, inter alia, the right to appeal his conviction and sentence, or the manner in which the sentence was imposed, on the grounds set forth in 18 U.S.C. § 3742, or on any ground whatsoever. However, at his rearraignment, the district court advised Whavers that he had waived his right to appeal "as long as it's a legal sentence." The district court thus mischaracterized the appeal waiver by stating that Whavers would lose his right to appeal as long as the court imposed a "legal sentence," because the district court's statement implies that Whavers could appeal an "illegal sentence," a right that was not included in the appeal waiver. The district court's advice thus included an inaccurate characterization of the appeal waiver and therefore does not comply with FED. R. CRIM. P. 11(b)(1)(N)'s requirement that the court advise the defendant of "the terms of any plea-agreement provision waiving the right to appeal." Thus, the appeal waiver was not knowing and voluntary. See United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999). The appeal waiver therefore does not bar this appeal. The Government's motion to dismiss is DENIED.

Whavers is correct that the district court committed Sixth Amendment error under <u>Booker</u>, 125 S. Ct. at 756, when the district court calculated Whavers's sentence based upon factual determinations of drug quantity and offense role that were neither admitted by Whavers nor determined by a jury. Additionally, as the Government concedes, Whavers's objection apprised the district court that he was raising a Sixth Amendment challenge to the sentencing enhancements and therefore he preserved this issue. See <u>United States v. Akpan</u>, 407 F.3d 360, 376 (5th Cir. 2005). Where, as here, a <u>Booker</u> error has been preserved in the district court, this court "will ordinarily vacate the sentence and remand, unless [this court] can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." <u>United States v. Pineiro</u>, 410 F.3d 282, 284 (5th Cir. 2005) (internal quotation marks and citation omitted). The Government concedes that it cannot show harmlessness in Whavers's case. Thus, the Government has not met its "arduous" burden of demonstrating "beyond a reasonable doubt that the Sixth Amendment Booker error did not affect the sentence that [Whavers] received." <u>Pineiro</u>, 410 F.3d at 285, 287.

Accordingly, Whavers's sentence is vacated and the case is remanded for resentencing.

VACATED AND REMANDED; MOTION TO DISMISS DENIED.