NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 11a0405n.06

No. 10-5553

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 22, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DEMARCUS BURKS, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |

Before: KEITH, MARTIN, and COOK, Circuit Judges.

PER CURIAM. Demarcus Burks pled guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). On April 10, 2010, Burks was sentenced to fifty months of imprisonment and two years of supervised release. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, we unanimously agree that oral argument is not needed in this case. Fed. R. App. P. 34(a).

Burks's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel has identified several potential points for appeal by discussing whether Burks made a valid waiver of his appellate rights and whether that waiver was affected by the sentencing court's decision to vary upward from the applicable guideline range. Burks did not file a timely response to counsel's motion. A review of the proceedings establishes that Burk's attorney reviewed the record and there is no viable issue to appeal.

Burks signed a plea bargain that included the following limited waiver of his right to appeal:

> [D]efendant knowingly and voluntarily waives his right to appeal the sentence imposed by the Court and the manner in which the sentence is determined. This waiver is made in exchange for the concessions made by the United States in this

Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

Counsel now suggests that Burks may wish to argue that his waiver was not constitutionally valid. The record establishes the district court properly reviewed the plea agreement with Burks, including the waiver of his appellate rights. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). Burks has a valid waiver of the right to appeal his sentence.

The district court properly determined that Burks was competent. It also established that he understood his rights, the nature of the charge, and the consequences of pleading guilty. Burks indicated that his guilty plea was voluntary, and he acknowledged a sufficient factual basis for his plea. Burks was represented by counsel, and he has not made any attempt to withdraw his plea. We conclude that there are no apparent grounds for challenging his conviction on direct appeal.

The district court advised the parties that he was considering an upward variance. Defense counsel argued that a variance was not warranted. Nevertheless, the court varied upward from the guideline range and imposed a sentence of fifty months in light of the violent nature of Burks's criminal history.

The district court found that an upward variance was warranted because Burks had "an extensive history of violence and violent nature." *United States v. Baker*, 559 F.3d 443, 450 (6th Cir. 2009), does not preclude that finding. The variance did not affect the validity of Burks's waiver because he acknowledged the district court's discretion in light of the advisory nature of the guidelines and because the sentence that he received fell below the statutory maximum for his offense. *See United States v. Caruthers*, 458 F.3d 459, 471 (6th Cir. 2006).

We conclude that Burks's sentence is neither procedurally nor substantively unreasonable and that he does not have a viable sentencing issue to raise on direct appeal.

Burks also indicated that he was satisfied with his attorney's representation when he was rearraigned, and there is nothing in the record that indicates counsel's performance was deficient in a constitutional sense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The motion to withdraw as counsel is granted and the judgment is affirmed.