**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0740n.06

**No. 09-6014**

| | | FILED |
|---|---|---|
| | | **Oct 31, 2011** |
| **UNITED STATES COURT OF APPEALS** | | LEONARD GREEN, Clerk |
| **FOR THE SIXTH CIRCUIT** | | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| DEWAINE McINTYRE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MARTIN, GUY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

The government moves to dismiss this appeal on the ground that defendant waived his right to appeal his conviction and sentence. We hereby grant the motion and dismiss this appeal.

I.

Defendant-appellant Dewaine McIntyre was indicted on March 5, 2009. He was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing a firearm after a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Pursuant to a written plea agreement, McIntyre pleaded guilty to being a felon in possession of a firearm on May 19, 2009. Soon thereafter, a presentence investigation report was compiled, recommending a Guidelines range of 27 to 33 months' imprisonment. However, because of McIntyre's "extensive" criminal history and the need to provide deterrence and protection

to the public, the district court imposed a sentence of 72 months. McIntyre thereafter filed this timely appeal.

II.

McIntyre asserts that his sentence is procedurally and substantively unreasonable. In entering his guilty plea, however, McIntyre expressly waived "the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." This waiver, if knowing and voluntary, is enforceable, thereby precluding our consideration of McIntyre's appeal. *United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005).

In challenging his appellate waiver, McIntyre asserts that his guilty plea was not knowingly, intelligently, and voluntarily made. Because this argument was not placed before the district court, we review for plain error. *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). Plain errors are those "that are so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty, or public reputation of the [proceeding]." *United States v. Causey*, 834 F.2d 1277, 1281 (6th Cir. 1987) (citation omitted). Under plain-error review, McIntyre bears the burden of demonstrating: "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [this] court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or reputation of judicial proceedings." *United States v. Lalonde*, 509 F.3d 750, 757-58 (6th Cir. 2007) (internal quotation marks and citation omitted).

"A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the defendant." *Webb*, 403 F.3d at 378 (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). Accordingly, a district court may only accept a guilty plea after assuring itself that the defendant understands his or her constitutional rights, the consequences of pleading guilty, the nature of the crime charged, and any applicable appellate waiver. In addition, the court must ensure that the plea is voluntary and factually supported. *Id.*; Fed. R. Crim. P. 11(b)(1)-(3).

Upon review of the record, we hold that McIntyre's guilty plea was knowing, voluntary, and intelligent. At McIntyre's rearraignment hearing, the district court began by inquiring into his competency. McIntyre testified that he had no history of mental health issues and no alcohol or medication in his system. *See Godinez v. Moran*, 509 U.S. 389, 402 (1993) ("Requiring that a criminal defendant be competent has a modest aim: It seeks to ensure that he has the capacity to understand the proceedings and to assist counsel."). Thereafter, the district court questioned McIntyre regarding his understanding of the indictment and plea agreement. McIntyre acknowledged that he had reviewed these documents with his attorney and that he understood the terms and conditions of the plea. McIntyre specifically acknowledged his understanding of the appellate waiver at two separate points during the hearing. *See Brady v. United States*, 397 U.S. 742, 756 (1970) (holding that plea was intelligently made when the defendant "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties"); *United States v. Wilson*, 438 F.3d 672, 673-74 (6th Cir. 2006) (holding plea to be knowing and voluntary when the

district court reviewed the charges with defendant, verified defendant's understanding of the plea agreement and the voluntariness of the plea, and the prosecutor explained the terms of the appellate waiver); *McGilvery*, 403 F.3d at 363 (enforcing an appellate waiver when the district court ensured that the defendant understood the appellate-waiver provision in his plea agreement at the plea hearing).

McIntyre asserts that his guilty plea was not knowing, voluntary, and intelligent because he expressly denied possessing a firearm. This assertion is factually incorrect. McIntyre testified that he was pleading guilty to being a felon in possession of a firearm because he did in fact possess a firearm, acknowledging that the factual basis set forth in the plea agreement was accurate. Specifically, McIntyre acknowledged that he had access to a firearm over which he had dominion. While McIntyre testified that he did not *own* the firearm, he acknowledged that he had *control* over it. Having dominion over a firearm is sufficient to establish possession, and McIntyre never demonstrated confusion regarding this concept. *See United States v. Coffee*, 434 F.3d 887, 896-97 (6th Cir. 2006); *United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998) ("Proof that the person has dominion over the premises where the firearm is located is sufficient to establish constructive possession.") (citations and internal quotation marks omitted). Accordingly, McIntyre's denial of firearm ownership does not demonstrate that his plea was unknowing, unintelligent, or involuntary.

McIntyre also asserts that his plea was not knowing and voluntary because he exhibited confusion regarding the appellate waiver. At sentencing, the district court stated "[t]his defendant, I believe, has waived some or all of his appeal rights. But at this point I will have the clerk of the

court read you some rights regarding appeal in this case." Following a recitation of the standard appeal rights (available in the absence of an appellate waiver), McIntyre stated: "I don't understand at all. But I definitely want to appeal." The confusion created by the recitation of McIntyre's non-existent appeal rights, however, does not impugn the validity of the plea agreement. *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004); *United States v. Fleming*, 239 F.3d 761, 763-65 (6th Cir. 2001).[1] At the rearraignment hearing, McIntyre acknowledged his understanding of the appellate waiver on two separate occasions. Thus, there is simply no basis upon which to hold that this waiver was unknowing, unintelligent, or involuntary.

## III.

In sum, we hold that McIntyre knowingly, intelligently, and voluntarily waived his right to appeal his sentence and conviction. Accordingly, the government's motion is granted, and this appeal is dismissed.

---

[1]McIntyre also asserts that other statements made during his sentencing demonstrates that his guilty plea was not knowing and voluntary. Such statements, however, were made in response to a letter submitted by McIntyre's ex-girlfriend, who requested the district court to sentence McIntyre to the statutory maximum. McIntyre's statements challenging the accuracy of this letter do not indicate that McIntyre's guilty plea was unknowing or involuntary.