**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0839n.06

No. 09-1293

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Dec 15, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff-Appellee,                  )         ON APPEAL FROM THE
                                         )         UNITED STATES DISTRICT
    v.                                   )         COURT FOR THE EASTERN
                                         )         DISTRICT OF MICHIGAN
TOYALE CORNELL SOUTHERN,                  )
                                         )
    Defendant-Appellant.                 )
                                         )

BEFORE: MOORE and GRIFFIN, Circuit Judges; and QUIST, District Judge.[*]

GRIFFIN, Circuit Judge.

The government moves to dismiss this appeal on the ground that defendant waived his right to appeal his conviction and sentence. We hereby grant the motion and dismiss this appeal.

I.

On April 30, 2008, defendant-appellant Toyale Cornell Southern was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to a written plea agreement, Southern pleaded guilty to this charge on September 26, 2008. Soon thereafter, a presentence investigation report ("PSR") was compiled, recommending a Guidelines range of 51 to 63 months' imprisonment. The PSR observed that U.S.S.G. § 5G1.3(c), Application

_____

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

Note (3)(c) recommended that the sentence run consecutively to Southern's state-court sentences for probation violation.

At the sentencing hearing, both Southern and the government requested a concurrent sentence.[1] Nevertheless, because of the violent nature of Southern's offense and his extensive criminal history, the district court imposed a sentence of 63 months, to be served consecutively to his undischarged state-court sentences. Southern thereafter filed this timely appeal.

II.

Southern asserts that his sentence is both procedurally and substantively unreasonable. Pursuant to the plea agreement, however, Southern expressly waived "any right [he] ha[d] to appeal [his] conviction or sentence" if the sentence imposed was within the agreed-upon Guidelines range.[2] This waiver, if knowing and voluntary, is enforceable, thereby precluding our consideration of Southern's appeal. *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005); *United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005).

In challenging his appellate waiver, Southern does not assert that his guilty plea was unknowing, unintelligent, or involuntary. Rather, he asserts that he did not specifically waive the right to challenge "the manner in which the sentence was imposed." However, the plea agreement unambiguously waives "any right" he had to appeal his sentence. While an appellate waiver will not foreclose a challenge to a sentence exceeding the statutory maximum, *United States v. Caruthers*,

---

[1]The government agreed to make such a request in Southern's plea agreement.

[2]The parties agreed that Southern's Guidelines range was 51 to 63 months' imprisonment.

458 F.3d 459, 471-72 (6th Cir. 2006), Southern makes no such claim here. Accordingly, the waiver plainly applies to Southern's claims on appeal.

Southern also cites to several cases in which appellate waivers were not enforceable because of the district court's failure to comply with Federal Rule of Criminal Procedure 11(b)(1)(N). *See, e.g.*, *United States v. Padilla-Colón*, 578 F.3d 23 (1st Cir. 2009); *United States v. Whavers*, 166 F. App'x 112 (5th Cir. 2006); *United States v. Murdock*, 398 F.3d 491 (6th Cir. 2005). This rule provides that in accepting a guilty plea, the district court must "inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). In this case, there can be no dispute that the district court complied with Rule 11. Indeed, the district court read the entirety of the appellate waiver to Southern during his change-of-plea hearing and Southern asserted that he had no questions regarding the provision. Thus, there is simply no basis upon which to hold that Southern's appellate waiver is inapplicable or unenforceable.

III.

We hold that Southern has waived his right to appeal his sentence and conviction. Accordingly, the government's motion is granted and this appeal is dismissed.