**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0296n.06

No. 09-6410

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | |
| Plaintiff-Appellee, | ) | *Mar 15, 2012* |
| | ) | LEONARD GREEN, Clerk |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| RONALD PALMER, | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: COLE and STRANCH, Circuit Judges; CARR, District Judge.[*]

PER CURIAM. Ronald Palmer appeals his conviction and sentence. His counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We grant counsel's motion to withdraw and dismiss the appeal based on the appellate waiver provision of Palmer's plea agreement.

In 2008, Palmer was indicted on six counts related to his involvement in two bank robberies. Palmer agreed to plead guilty to counts two and five, which charged him with aiding and abetting the use or brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1), and the government agreed to dismiss the remaining counts. The parties agreed that Palmer's mandatory minimum terms of imprisonment were seven years on count two and twenty-five years on count five. *See* 18 U.S.C. § 924(c)(1)(A)(ii), (C)(i).

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

In October 2009, approximately six months after the plea hearing, Palmer filed a motion to withdraw his guilty plea, asserting that he entered his plea "out of sheer fear and desperation" and that he did not process information well because of a prior brain injury. The district court denied the motion and sentenced Palmer to the mandatory minimum terms of imprisonment of seven years and twenty-five years, to be served consecutively, and five years of supervised release.

On appeal, Palmer's counsel filed a brief and a motion to withdraw as appellate counsel. *See Anders*, 386 U.S. at 744. Counsel asserts that there are no non-frivolous issues to raise on appeal because Palmer entered a valid waiver of his right to appeal and did not preserve any objections to his sentence. Counsel does identify one potential argument – that the district court lacked subject matter jurisdiction over the bank robbery charges – but concludes that it lacks merit. Palmer has responded to the *Anders* brief with a request for the appointment of new counsel to consult with him on "issues of merit to raise in this appeal," although Palmer provides no indication of what these issues may be. The government has filed a motion to dismiss the appeal based on the appellate waiver provision.

We conclude that Palmer validly waived his right to appeal his conviction and sentence. The plea agreement contained the following waiver provision: "The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution." An appeal waiver will be enforced when the record reflects that it was understood by the defendant and was entered into knowingly and voluntarily, *see United States v. Sharp*, 442 F.3d 946, 950-51 (6th Cir. 2006), and the guilty plea itself is knowing and voluntary, *see United States v. Webb*, 403 F.3d 373, 378 n.1 (6th Cir. 2005).

The district court complied with the requirements of Federal Rule of Criminal Procedure 11 and properly determined that Palmer knowingly and voluntarily entered his guilty plea. In doing so, the district court determined that Palmer understood the appellate waiver provision. At the plea hearing, the government's attorney summarized the plea agreement, including the waiver provision. The district court then explained the waiver provision in detail, emphasizing that Palmer would not "be able to come back later and challenge [his] conviction or [his] sentence." The district court asked Palmer whether he understood the waiver provision, and Palmer stated that he did. Accordingly, because we find Palmer knowingly and voluntarily agreed to the appellate waiver provision, that provision now bars Palmer from challenging his conviction and sentence on appeal. *See United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005). The waiver provision also encompasses any challenge to the district court's denial of Palmer's motion to withdraw his guilty plea. *See United States v. Toth*, ___ F.3d ___, 2012 WL 360451, at *5 (6th Cir. Feb. 6, 2012) ("[A]n appeal of the denial of a motion to withdraw a guilty plea is an attack on the conviction subject to an appeal waiver provision.").

Because counsel's *Anders* brief is adequate and our independent review of the record reveals no non-frivolous basis on which to challenge Palmer's conviction and sentence, we grant the motion to withdraw, deny the request to appoint new counsel, and dismiss the appeal based on the appellate waiver provision.