NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1107n.06

No. 11-5988

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 26, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| AARON SAMMONS, | ) | THE EASTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Aaron Sammons appeals his conviction and sentence for having been a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). His counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Sammons pleaded guilty to having violated section 922(g). Although the plea agreement stated that the maximum penalty for Sammons' offense was ten years of imprisonment, the district court advised Sammons at the plea hearing that, if he fell under the Armed Career Criminal Act, he would face a mandatory minimum sentence of fifteen years of imprisonment and a maximum sentence of life imprisonment. *See* 18 U.S.C. § 924(e)(1). The plea agreement included an appellate waiver provision.

The presentence report classified Sammons as an armed career criminal based on his four Tennessee burglary convictions, resulting in an advisory sentencing guidelines range of 180 months of imprisonment, the statutory minimum. Sammons objected to this classification, arguing that his

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

burglary convictions did not constitute violent felonies and should not be treated as four separate criminal acts because he was sentenced for all of the crimes on the same day. Sammons also challenged on policy grounds the application of the Act. The district court overruled these objections and sentenced Sammons to 180 months of imprisonment and five years of supervised release. The district court agreed that the Act was likely not intended to reach offenders like Sammons, but explained that it lacked the discretion to impose a lower sentence. Sammons filed a timely appeal.

In his *Anders* brief, counsel concludes that Sammons entered a valid guilty plea, that the appellate waiver provision bars any challenge to Sammons's conviction and sentence, and that the existing record is not adequate to support an ineffective assistance of counsel claim. Sammons was notified of his right to respond to counsel's brief, but has failed to do so. Because counsel's *Anders* brief is adequate and our independent review of the record reveals no arguable issues, we grant the motion to withdraw and affirm the district court's judgment. *See Anders*, 386 U.S. at 744.

The record reflects that Sammons entered a valid guilty plea, which included a waiver of his right to appeal his conviction and sentence. We review de novo the validity of a guilty plea, *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007), as well as the validity and scope of an appellate waiver provision. *United States v. Thomas*, 605 F.3d 300, 312 (6th Cir. 2010). In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Dixon*, 479 F.3d at 434 (citation and internal quotation marks omitted). The district court complied with these requirements and, in doing so, determined that Sammons understood the terms of the appellate waiver provision. Accordingly, that provision bars Sammons from challenging his conviction and sentence on appeal. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).

Further, the present record does not support a claim of ineffective assistance of counsel. Such a claim would properly be raised in a motion to vacate under 28 U.S.C. § 2255. *See Massaro*

*v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Valdez*, 362 F.3d 903, 913–14 (6th Cir. 2004).

We grant the motion to withdraw and affirm the district court's judgment.