NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0035n.06

No. 12-3282

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jan 07, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| GEORGE D. DELONG, JR., | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. George D. DeLong, Jr., who is represented by counsel, appeals his judgment of conviction and sentence.

DeLong pleaded guilty to exploitation of children, in violation of 18 U.S.C. § 2251(a), receipt of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and travel with the intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). He was sentenced to serve a total of 180 months of imprisonment, followed by supervised release for life. He was also ordered to pay a $300 special assessment. DeLong filed a timely appeal.

DeLong's counsel has moved to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). After reviewing the record, counsel concluded that there were no meritorious grounds for appeal, but nonetheless discussed whether DeLong's guilty plea is valid and whether his sentence is reasonable. DeLong was notified of his right to respond to counsel's *Anders* brief. He filed a response in which he challenges the validity of his guilty plea, challenges the

reasonableness of his sentence, questions counsel's decision to file an *Anders* brief, and requests oral argument. DeLong also requests the appointment of another attorney.

Counsel has filed an acceptable *Anders* brief. *See Anders*, 386 U.S. at 744. Counsel indicated that he carefully reviewed the entire record, raised the only issues deemed arguable, and concluded that neither those issues, nor any other issue present on the record, would support an appeal.

Counsel suggests that we review the validity of DeLong's guilty plea and the reasonableness of his sentence. However, the record reveals that DeLong waived his right to appeal his convictions and sentence.

"We review the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo*." *United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005). A waiver provision in a plea agreement is binding as long as it was made knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012).

DeLong executed a plea agreement containing an appeal-waiver provision. That provision indicates that DeLong "expressly and voluntarily waives" his right "to appeal the conviction or sentence in this case." DeLong retained the right to appeal a sentence above "the statutory maximum," a sentence greater than "any mandatory minimum sentence or the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in [the plea] agreement", and the district court's "determination of [his] Criminal History Category." DeLong also reserved the right to pursue "claims of ineffective assistance of counsel or prosecutorial misconduct" on appeal.

During the plea hearing, the district court reviewed the appeal waiver provision contained in the plea agreement. The district court inquired whether DeLong agreed with and understood each portion of the appeal-waiver provision. DeLong responded affirmatively. He also stated that he read the entire plea agreement, discussed it with his attorney, and initialed each page of the agreement.

Nothing in the record suggests that DeLong's assent to the appeal-waiver provision was unknowing or involuntary. Under these circumstances, DeLong waived his right to appeal his convictions and sentence upon execution of his plea agreement. *See Toth*, 668 F.3d at 378.

Although DeLong reserved the right to appeal his sentence if it exceeded the statutory mandatory minimum, or the maximum sentence recommended either by statute or the advisory sentencing guidelines, those circumstances are not present in this case. DeLong faced a statutory mandatory minimum sentence of 180 months of imprisonment for the exploitation-of-children conviction. *See* 18 U.S.C. § 2251(e). The statutory maximum sentences that DeLong faced were thirty years of imprisonment for the convictions regarding the exploitation of a minor and travel with the intent to engage in illicit sexual conduct, and twenty years of imprisonment for the conviction regarding the receipt of a visual depiction of a minor engaged in sexually explicit conduct. *See* 18 U.S.C. §§ 2251(e), 2252(b)(1), and 2423(b). The maximum sentence DeLong faced under the advisory sentencing guidelines was 188 months of imprisonment. Because DeLong was sentenced to serve a total of 180 months of imprisonment, his sentence did not exceed the statutory mandatory minimum, the statutory maximums, or the maximum sentence recommended by the advisory sentencing guidelines.

In addition, DeLong reserved the right to challenge the district court's criminal history category determination. But because the district court determined that DeLong's criminal history category was I, the lowest level available, that determination does not present an appealable issue. DeLong reserved the right to raise ineffective-assistance-of-counsel and prosecutorial-misconduct claims on appeal and collateral review. A thorough review of the record reveals no basis for pursuing these claims at this time. Thus, the appeal-waiver provision in the plea agreement is enforceable and DeLong may not appeal his convictions and sentence. Because DeLong waived his right to appeal his convictions and sentence, we need not consider the arguments that counsel and DeLong raise regarding his guilty plea and sentence.

Nevertheless, we have thoroughly reviewed the record in this case and discovered no error warranting reversal of the district court's judgment. Because our independent review of the record confirms counsel's conclusion that there are no issues of arguable merit present in DeLong's appeal, we grant counsel's motion to withdraw, deny DeLong's request for oral argument and motions for appointment of counsel, and affirm the district court's judgment.