NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0485n.06

No. 13-5031

**FILED**
*May 14, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LASHANDA ALEXIS JONES, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |

Before: MARTIN, GILMAN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Lashanda Alexis Jones pleaded guilty to one count of conspiring to possess oxycodone, oxymorphone, and hydromorphone for intended distribution. *See* 21 U.S.C. §§ 841(a)(1), 846. On December 13, 2012, the district court sentenced her to six months of imprisonment and two years of supervised release, with a special condition of six months of home confinement.

Jones's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Consistent with the requirements of *Anders*, counsel has identified several potential points for appeal by discussing whether Jones made a valid waiver of her appellate rights, whether her plea was valid, and whether her sentence was reasonable. Jones did not file a timely response to counsel's motion. Moreover, an independent examination of the proceedings shows that her attorney made an adequate review of the record and that there is no issue that would support a viable direct appeal. *See id.*

Jones signed a plea bargain in which she agreed to plead guilty to the charge that is described above. In exchange, the government agreed that it would recommend an offense-level reduction for

acceptance of responsibility and a sentence at the lowest end of the applicable guidelines range. The plea agreement also included a waiver of the right to appeal or collaterally attack her conviction and sentence. A de novo review of the record shows that this waiver was valid. *See United States v. McGilvery*, 403 F.3d 361, 362–63 (6th Cir. 2005). The district court properly confirmed Jones's understanding of the plea agreement, including the waiver of her appellate rights. Moreover, the record shows that her guilty plea was valid and that the government honored its part of the agreement.

The district court determined that Jones was competent before it accepted her guilty plea. It also established that she understood her rights, the nature of the charges, and the consequences of pleading guilty. Jones indicated that the decision to plead guilty was voluntary, and she acknowledged a sufficient factual basis for her plea. Jones was represented by counsel and she has not made any attempt to withdraw her plea. Under these circumstances, she does not have a plausible claim regarding the validity of her guilty plea, conviction, or sentence.

Counsel's motion to withdraw is granted and the district court's judgment is affirmed.