NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0309n.06

No. 22-3606

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 10, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| ROBERT STARR, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: COLE, CLAY, and KETHLEDGE, Circuit Judges.

**CLAY, Circuit Judge.** Robert Starr pleaded guilty to one count of conspiracy to distribute heroin and two counts of distribution of cocaine and crack in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C). The district court sentenced Starr to 160 months of incarceration. Starr appeals his sentence as procedurally and substantively unreasonable. For the reasons that follow, we **AFFIRM**.

## I. BACKGROUND

In January 2021, Starr was indicted on four counts relating to his participation in a conspiracy to distribute and sell cocaine and heroin. Starr subsequently signed a plea agreement with the government, wherein he pleaded guilty to counts one, two, and three of the indictment in exchange for the government moving to dismiss the fourth charge brought against him. The plea agreement contained an appeal waiver provision, indicating that Starr waived his right to appeal his conviction or sentence generally, but reserved the right to appeal on three limited grounds: (1) if his sentence is in excess of the statutory maximum; (2) if his sentence exceeds the maximum

of the advisory Sentencing Guidelines range;  or (3) if the district court determines that he is a career offender.  At sentencing, the district court determined that Starr is a career offender and sentenced him to 160 months of imprisonment, at the lower end of his Guidelines range of 151–188 months.  Starr timely appeals.

## II.  STANDARD OF REVIEW

We review the question of whether a defendant waived his right to appeal de novo.  *See United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005).  Ordinarily, we review de novo whether the district court properly applied a career offender enhancement.  *United States v. Havis*, 927 F.3d 382, 384 (6th Cir. 2019).  Because the Defendant did not object at sentencing and the government requests the more stringent standard of review, we review for plain error whether a district court properly calculated the Guidelines range and applied a career offender enhancement. *See United States v. Goodson*, 700 F. App'x 417, 419 (6th Cir. 2017) (noting that de novo review is applied only if the government fails to request that the issue be reviewed for plain error); *United States v. Douglas*, 563 F. App'x 371, 376 (6th Cir. 2014) ( "[W]e apply plain error review if the defendant failed to object below and the government requests the more stringent standard of review on appeal."); *United States v. Herrera-Zuniga*, 571 F.3d 568, 589 (6th Cir. 2009).

## III.  ANALYSIS

Starr argues that his sentence was procedurally and substantively unreasonable because the district court (1) treated the advisory Sentencing Guidelines as mandatory; (2) failed to adequately consider the § 3553(a) factors; (3) imposed a sentence that was greater than necessary to comply with the purposes and principles of sentencing; and (4) improperly calculated the Sentencing Guidelines range by imposing the career offender enhancement.

Criminal defendants who sign a valid plea agreement may waive their right to appeal the substantive and procedural reasonableness of their sentence. *See United States v. Milliron*, 984 F.3d 1188, 1192–93 (6th Cir. 2021); *United States v. Sweeney*, No. 21-2982, 2022 WL 2903442, at *6 (6th Cir. July 22, 2022) (determining that appeal waiver in plea agreement barred appellate consideration of substantive reasonableness challenge); *United States v. Southern*, 451 F. App'x 507, 508 (6th Cir. 2011) (plea agreement's appeal waiver provision barred appellate review of substantive and procedural reasonableness of defendant's sentence).

An appeal waiver provision is binding and forecloses review of a defendant's claims so long as: "(1) the defendant's claim falls within the scope of the appeal waiver provision; and (2) the defendant 'knowingly and voluntarily' agreed to the plea agreement and waiver." *Milliron*, 984 F.3d at 1193. A defendant can challenge an appeal waiver only on the grounds that "it was not knowing and voluntary, was not taken in compliance with Fed. R. Crim. P. 11, or was the product of ineffective assistance of counsel." *United States v. Presley*, 18 F.4th 899, 902 (6th Cir. 2021) (quoting *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017)).

The first three claims that Starr makes on appeal do not fall within the categories of claims permitted by his plea agreement's appeal waiver provision because they are not based on challenges to his sentence being outside the advisory Guidelines range or in excess of the statutory maximum for his offenses. Furthermore, Starr does not make any argument that his plea agreement and the appeal waiver are invalid for any reason. Additionally, the record reveals that during the change of plea hearing, the district court reviewed the appeal-waiver provision of Starr's plea agreement and Starr confirmed that he understood its terms. Starr was sentenced to a within-Guidelines sentence of 160 months of imprisonment. Nothing in the record suggests that Starr's

agreement to the appeal-waiver provision was not knowing and voluntary. Thus, Starr is barred from appealing the district court's sentence based on the first three substantive and procedural challenges raised above. *See, e.g.*, *United States v. Turner*, 173 F. App'x 402, 405–07 (6th Cir. 2006) (defendant's challenge to district court's treatment of the Guidelines as mandatory was barred by plea agreement's appeal waiver provision).

Starr is permitted to appeal only the district court's application of the career offender enhancement. Starr argues that his state conviction for distribution of a controlled substance pursuant to Ohio Rev. Code § 2925.03(A)(2) is too broad to qualify as a controlled substance offense under U.S.S.G. § 4B1.2. This Court's decision in *United States v. Smith*, however, forecloses the defendant's argument. 960 F.3d 883, 889 (6th Cir. 2020) (holding that Ohio Rev. Code § 2925.03(A)(2) "falls safely within the confines of § 4B1.2(b)" and constitutes a controlled substances offense sufficient to permit application of the career offender enhancement).

Starr also argues that his state court drug distribution conviction "lacks temporal proximity to the instant case" because it occurred on November 15, 2012, which he argues was about six or seven years before the conduct charged in the indictment. The Sentencing Guidelines' instructions for computing criminal history, however, permit the district court to count "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e)(1). Starr was sentenced to two years of imprisonment for his drug distribution offense pursuant to Ohio Rev. Code § 2925.03(A)(2), and he served that sentence well within the 15-year period before January 2019 (when he participated in the conduct giving rise to the charges brought against him). Accordingly,

the district court committed no error in applying the career offender enhancement on the basis of Starr's prior state drug distribution charge.

### IV.  CONCLUSION

For the foregoing reasons, we **AFFIRM**.