NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0490n.06

Case No. 22-2111

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 01, 2023
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| JAMILIE LEDESMA, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: WHITE, THAPAR, and BLOOMEKATZ, Circuit Judges.

THAPAR, Circuit Judge. Jamilie Ledesma waived the right to appeal his sentence. Yet he now challenges the substantive reasonableness of that sentence. Because Ledesma's waiver was knowing and voluntary, we dismiss his appeal.

I.

After serving part of a ten-year sentence for conspiring to distribute cocaine, Jamilie Ledesma walked out of prison on supervised release. But he didn't stay out for long. While on supervised release, Ledesma affiliated with two drug-trafficking organizations. He helped his brother manage one and supplied drugs to the other.

After confidential informants tipped off federal agents, a grand jury charged Ledesma with three drug and firearm offenses. Rather than proceed to trial, Ledesma entered a plea agreement.

As part of the agreement, Ledesma waived the right to appeal his conviction "on any grounds." R. 438, Pg. ID 2456. He also waived the right to appeal his sentence, as long as it didn't "exceed the top of the guideline range as determined by the [district court]." *Id.* Ledesma signed the plea agreement, attesting that he'd read the agreement, discussed it with his lawyer, and understood its terms.

At the plea hearing, the district court determined that Ledesma's plea was knowing and voluntary. *See* Fed. R. Crim. P. 11(b)(1)–(2). The judge asked Ledesma whether he'd read the plea agreement and discussed it with his lawyer. Ledesma answered "yes." R. 518, Pg. ID 3618–19. After informing Ledesma of the trial rights he'd forgo and other consequences of pleading guilty, the judge asked the prosecutor to summarize the terms of the plea agreement. When the prosecutor reached the appeal-waiver provision, she said, "the Defendant waives any right he may have to appeal his conviction, and if the sentence is in line with this agreement then he has waived his right to appeal his sentence." *Id.* at 3630. Ledesma then confirmed that the prosecutor accurately described the plea agreement. Ledesma also acknowledged that he understood the discussion that took place in the courtroom and had no further questions.

Assured that Ledesma's plea was knowing and voluntary, the district court accepted Ledesma's guilty plea and the plea agreement. At sentencing, the court calculated Ledesma's Guidelines range at 140 to 175 months' imprisonment. And as contemplated by the appeal waiver, the court imposed a within-Guidelines sentence of 155 months in prison and four years of supervised release.

II.

Despite his appeal waiver, Ledesma now appeals. He claims his within-Guidelines sentence is substantively unreasonable. And although Ledesma acknowledges his plea agreement contains an appeal waiver, he says it isn't enforceable. We disagree.

A.

Criminal defendants may waive "any right" in a valid plea agreement—including the right to appeal. *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008). To be valid, a defendant's waiver must be knowing and voluntary. *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001). Federal Rule of Criminal Procedure 11(b)(1) helps ensure that defendants understand which rights they're waiving. Relevant here, the district judge "must inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal." Fed. R. Crim. P. 11(b)(1)(N).

For the first time on appeal, Ledesma claims the district judge inadequately explained the appeal-waiver provision. Specifically, the written agreement prohibits Ledesma from appealing any within-Guidelines sentence. But at the plea hearing, Ledesma was only informed that he'd waive the right to appeal any sentence "in line with this agreement." R. 518, Pg. ID 3630. Ledesma perceives a discrepancy between these two formulations, and he claims it invalidates the appeal waiver.

Because Ledesma failed to raise this argument below, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Thus, Ledesma must prove the district judge (1) committed an error (2) that's plain or obvious and (3) that affected his substantial rights. *See United States v. Robinson*, 455 F.3d 602, 610 (6th Cir. 2006). If he meets his burden, then we "may" address the

error if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings."
*Id.*

Ledesma doesn't clear this high bar. Even if the district court erred by failing to read Ledesma's appeal waiver verbatim—and even assuming any such error was plain or obvious—Ledesma can't satisfy the third plain-error prong. In the appeal-waiver context, Rule 11 errors only affect a defendant's substantial rights when there's no alternative way to ensure that the waiver was knowing and voluntary. *See United States v. Murdock*, 398 F.3d 491, 497–98 (6th Cir. 2005) (identifying potential "functional substitute[s]" for Rule 11); *see also Robinson*, 455 F.3d at 610 (applying *Murdock*'s functional substitutes). But here, the record is clear that Ledesma knowingly and voluntarily consented.

Such evidence abounds. Ledesma attested in writing that he read his plea agreement and understood it.[1] *See United States v. Sharp*, 442 F.3d 946, 951 (6th Cir. 2006). Ledesma also reaffirmed—under oath and in open court—that he discussed the terms of the plea agreement with his lawyer, that his lawyer answered all his questions about the agreement, and that he had no further questions. *See Robinson*, 455 F.3d at 610; *Sharp*, 442 F.3d at 951–52; *United States v. Swanberg*, 370 F.3d 622, 626 (6th Cir. 2004). Moreover, the prosecutor summarized the appeal waiver during the plea hearing, and Ledesma testified that her summary was accurate. *Compare Sharp*, 442 F.3d at 949 ("[T]he prosecutor summarized [the appeal waiver] in open court."), *with Murdock*, 398 F.3d at 497 ("[N]o mention of the waiver of appeal was made in open court."). After all this, the district court expressly found that Ledesma understood the rights he'd forgo by

---

[1] This attestation, although evidence that Ledesma's plea was knowing, would be insufficient on its own. *Murdock*, 398 F.3d at 498 (holding that "a defendant's self-assessment of his understanding of a plea agreement" is not a functional substitute for Rule 11's requirements).

pleading guilty. *See Swanberg*, 370 F.3d at 626. Together, this evidence shows that Ledesma understood the plea agreement and knowingly waived his appeal rights.

True, the prosecutor's oral summary of the appeal waiver wasn't a carbon copy of the written agreement. But that alone doesn't move the needle. *See United States v. Brenner*, 726 F. App'x 433, 438–39 (6th Cir. 2018). As we held in *Brenner*, "minor discrepanc[ies]," absent an indication that the defendant could have misunderstood the agreement, are insufficient to invalidate an appeal waiver. *Id.*; *see United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). The waiver couldn't have been clearer: "If the defendant's sentence of imprisonment does not exceed the top of the guideline range as determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds." R. 438, Pg. ID 2456; *see United States v. Calderon*, 388 F.3d 197, 199–200 (6th Cir. 2004) (considering an agreement's clear language when evaluating its validity). And the only condition put on the waiver was satisfied by the court's within-Guidelines sentence. *See Calderon*, 388 F.3d at 199.

Because "there is nothing in the record to suggest that the defendant misunderstood the scope of his waiver," any discrepancy between the prosecutor's explanation and Ledesma's written waiver didn't affect his substantial rights. *McGilvery*, 403 F.3d at 363 (cleaned up).

B.

In response, Ledesma points to two strands of our caselaw. But both reinforce the validity of his appeal waiver.

1.

First, Ledesma cites cases in which there was *no* indication at the plea hearing whether the defendant understood his appeal waiver. *Murdock* best exemplifies this line of cases. 398 F.3d at 494–99. There, nobody mentioned Murdock's appeal waiver at the plea hearing. *Id.* at 494, 497.

So we held that the district court failed to discharge its Rule 11 duty. *Id.* at 497. And we concluded that this error affected Murdock's substantial rights because there wasn't a "functional substitute" for the Rule 11 safeguard. *Id.* For instance, the district court didn't confirm that Murdock reviewed the plea agreement with his attorney, and the prosecutor didn't explain the waiver provision at the hearing. *Id.* at 498.

Contrast that with this case. Here, Ledesma's waiver *was* discussed in open court. And most importantly, one of the "functional substitutes" identified in *Murdock* occurred at Ledesma's hearing. *See id.* at 497. Namely, Ledesma assured the court that he reviewed the plea agreement with his lawyer, that his lawyer explained the parts of the agreement that he didn't understand, and that he had no more questions. We've repeatedly enforced appeal waivers when the district court was assured that defense counsel adequately explained the waiver. *See, e.g.*, *United States v. Mack*, 219 F. App'x 456, 461 (6th Cir. 2007); *Robinson*, 455 F.3d at 610; *see also United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006) (applying *Murdock*'s other functional substitute). Ledesma fails to identify any reason why his lawyer's explanation of the agreement was inadequate.

2.

Ledesma also relies on a line of cases in which the appeal waiver was discussed in open court, but where the explanation of it was flat-out wrong. *See, e.g.*, *United States v. Detloff*, 794 F.3d 588, 591–93 (6th Cir. 2015); *United States v. Melvin*, 557 F. App'x 390, 393–96 (6th Cir. 2013); *Sarlog v. United States*, 422 F. App'x 399, 403 (6th Cir. 2011). *Detloff* is a representative example. There, Detloff waived the right to appeal any sentence within an agreed-to maximum. 794 F.3d at 591. He also waived any ability to challenge the court's resolution of two discrete Guidelines disputes. *Id.* During the Rule 11 colloquy, the district court accurately informed Detloff about the former provision. *Id.* But the court inaccurately said that Detloff *could* appeal

the court's final order on the two Guidelines issues. *Id.* The error went uncorrected. *Id.* We suggested that the court's misstatement would render Detloff's waiver invalid on the two Guidelines issues. *Id.* at 593. But because Detloff sought to appeal a different issue, and because Detloff knowingly waived his right to appeal that issue, we dismissed his claim. *Id.*

*Detloff* is inapplicable. Here, the prosecutor's oral summary was "wholly consistent" with Ledesma's written agreement. *Brenner*, 726 F. App'x at 438. The agreement prohibited Ledesma from appealing any within-Guidelines sentence; the prosecutor said Ledesma waived the right to appeal any sentence "in line with this agreement"; and Ledesma confirmed under oath that the prosecutor accurately described the waiver. R. 518, Pg. ID 3630; *cf. Brenner*, 726 F. App'x at 438–39. Ledesma now suggests the prosecutor's statement was ambiguous. But even if it were, it wouldn't make a difference. That's because an ambiguous description of an appeal waiver, without more, is a far cry from the *Detloff* line of cases. In those cases, the defendants were incorrectly told they could appeal issues that their written agreements forbade. *See Detloff*, 794 F.3d at 591; *Melvin*, 557 F. App'x at 391–93, 396; *Sarlog*, 422 F. App'x at 403. That didn't happen here.

But shouldn't the district judge have at least clarified any ambiguity in the prosecutor's statement? As a matter of Rule 11 best practices, perhaps. But as for plain error's substantial-rights inquiry, the record as it stands is sufficiently clear: Ledesma understood the terms of his waiver and voluntarily consented. *See supra* Part II.A, II.B.1. Ledesma hasn't argued that his attorney's explanation of the appeal waiver was lacking. *See Sharp*, 442 F.3d at 952. Nor has he explained how the prosecutor's overview of the plea agreement muddled his understanding. *See Detloff*, 794 F.3d at 593. Without an incorrect and uncorrected statement causing Ledesma to

misunderstand his appeal waiver, Ledesma is stuck with his otherwise knowing-and-voluntary decision to sign away his appellate rights.  Thus, he fails the third prong of his plain-error burden.

\*       \*       \*

Because Ledesma's appeal waiver is valid, he may only appeal on the grounds that his sentence fell outside the Guidelines.  His sentence didn't, so we dismiss this appeal.