52 F.3d 326
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward HUDSON, Defendant-Appellant.
 No. 94-1208.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1995.
 
 Before: KENNEDY and MILBURN, Circuit Judges; and WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Edward Hudson appeals the sentence imposed upon his guilty plea of possession with intent to distribute heroin in violation of 21 U.S.C. 841(a). Defendant argues that the District Court erroneously held that it lacked the discretion to depart downward from the United States Sentencing Guidelines ("the Guidelines"). For the following reasons, we affirm the judgment of the District Court.
 
 I.
 
 2
 On July 8, 1993, defendant was indicted for possession with intent to distribute heroin and cocaine base, using a firearm during drug trafficking, and possession of a firearm after a felony conviction in violation 21 U.S.C. Sec. 841(a), and 18 U.S.C. 924(c) and 922(g). On September 16, 1993, defendant pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. 841(a). Defendant entered his plea pursuant to a Rule 11 plea agreement, which provided for a maximum sentence of 78 months.
 
 
 3
 At the sentencing hearing on January 25, 1994, neither party objected to the presentence investigation report, which calculated the applicable guidelines range as 70 to 87 months. Defendant, however, requested that the District Court depart downward from the guidelines range because of his rehabilitation efforts while on bond. Defendant then presented extensive evidence of his rehabilitative efforts. Although the District Court stated that it was impressed by defendant's efforts, it held that the rehabilitation did not constitute a "legally sufficient reason" to depart from the guidelines and sentenced defendant to 70 months incarceration.
 
 II.
 
 4
 Section 5K2.0 of the United States Sentencing Guidelines provides that a court may depart from the guidelines if it finds "that there exists an aggravating circumstance or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." U.S.S.G. Sec. 5K2.0 (quoting 18 U.S.C. Sec. 3553(b)). See also United States v. Maddalena, 893 F.2d 815, 817-18, (6th Cir.1989). In most circumstances, a district court's refusal to depart downward from the sentencing guidelines is not cognizable on appeal. See United States v. Vincent, 20 F.3d 229, 239 (6th Cir.1994). Specifically, "[a] district court's refusal to depart downwardly is not reviewable on appeal when the district court properly computes the Guidelines range, imposes a sentence that is not illegal or did not result from an incorrect application of the Guidelines range, and is not unaware that it had discretion to depart from the Guidelines range." Id.
 
 
 5
 Defendant argues that this case falls into the last exception because the District Court erroneously believed it lacked the discretion to take into account defendant's rehabilitation efforts. The government responds that the defendant waived his right to request a downward departure in his plea agreement; therefore, there is no need to review whether the District Court misunderstood its discretion under the Guidelines. The government points out that as part of defendant's Rule 11 plea agreement, he agreed not to seek a downward departure for grounds not listed in the plea agreement unless the grounds arose after the plea agreement. The grounds argued by defendant, however, did exist before the plea agreement. Additionally, defendant agreed not to appeal the accuracy of any factor stipulated to in the worksheets attached to the plea agreement. These worksheets stated that there were no factors warranting departures from the specified guidelines range. We also note that defendant was sentenced within the range recommended in the plea agreement. Accordingly, we find that defendant waived his right to request a downward departure. See United States v. Nagi, 947 F.2d 211, 214 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Although defendant argues that his plea agreement was an adhesion contract and should not be enforced, this argument is without merit. Defendant was free to reject the agreement, and clearly negotiated with the government over its terms. Moreover, defendant made no attempt to withdraw his plea after sentencing.
 
 III.
 
 6
 The judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation