RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0281p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 04-2283

RAY RECI ROBINSON,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-80412—Gerald E. Rosen, District Judge.

Argued: June 6, 2006

Decided and Filed: June 30, 2006[*]

Before: DAUGHTREY and COLE, Circuit Judges; GRAHAM, District Judge.[**]

---

## COUNSEL

**ARGUED:** John F. Royal, Detroit, Michigan, for Appellant. Stephen L. Hiyama, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** John F. Royal, Detroit, Michigan, for Appellant. Stephen L. Hiyama, Patricia G. Gaedeke, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

---

## OPINION

---

GRAHAM, District Judge. Defendant-appellant Ray Reci Robinson appeals his conviction and sentence for one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1), and one count of possession with the intent to distribute approximately 7.5 grams of crack cocaine in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(B)(iii). Defendant argues that the district court erred in denying his motion to dismiss the indictment based on alleged violations of the Speedy Trial Act, 18 U.S.C. §3161(j)(1), the Interstate Agreement on Detainers, 18 U.S.C. app. 2, §2, art. III(c), and his right to a speedy trial under the Sixth Amendment of the United States

---

[*] This opinion was originally issued as an "unpublished opinion" filed on June 30, 2006. On July 31, 2006, the court designated the opinion as one recommended for full-text publication.

[**] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

Constitution.   Defendant also contends that the waiver of appeal rights contained in his plea agreement is invalid and unenforceable, and that his case must be remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).   For the following reasons, we AFFIRM the judgment and sentence imposed by the district court.

*Facts of the Case*

Defendant was convicted in April of 2000 for possession of cocaine in the Wayne County Circuit Court, Wayne County, Michigan, and was sentenced to a lifetime term of probation.   In December of 2000, the state court imposed drug treatment as an additional condition of probation, and on January 18, 2001, defendant was placed in the Gateway Detention Facility.   He left the facility on March 16, 2001, and a probation violation warrant was issued for his arrest.

On April 27, 2001, police officers in Detroit, Michigan executed a search warrant at 12684 Sussex in Detroit.   Defendant was observed attempting to climb out of a bedroom window.   He had a small nickel-plated revolver in his hand.   He was arrested, and officers found twenty-eight small plastic bags of crack cocaine in his pocket.   Plaintiff was confined in the Wayne County Jail on the probation violation warrant.   On May 2, 2001, he pleaded guilty to the probation violation.

On May 14, 2001, a federal criminal complaint was filed charging defendant with being a felon in possession of a firearm on April 27, 2001, and an arrest warrant was issued on the complaint.   On May 15, 2001, the United States Marshal's Service in Detroit lodged a detainer against defendant at the Wayne County Jail based on the federal complaint, using Form USM-16a, captioned "Detainer Against Unsentenced Prisoner."

On May 18, 2001, defendant was sentenced in state court to a term of imprisonment of 3-1/2 years to 20 years on the probation violation.   He was transported to the Macomb Correctional Facility on May 21, 2001, to serve the state sentence.   By letter dated May 29, 2001, the Michigan Department of Corrections notified the United States Marshal's Service that the federal detainer had been lodged against the defendant.   The letter further stated that the defendant "is serving a 3 year 6 month to 20 year sentence for Controlled Substance.   His earliest release date is 04/01/2004 and his maximum release date is 03/25/2021."   However, no Form USM-17, captioned "Detainer Against Sentenced Prisoner," was ever lodged.   As a result, defendant was never informed of his right to demand a speedy trial on the federal charges.

On May 8, 2002, a federal indictment was returned charging defendant with being a felon in possession of a firearm and possession with the intent to distribute approximately 7.5 grams of crack cocaine.   Defendant made his initial appearance on the federal indictment on May 20, 2002, and was arraigned on May 21, 2002, entering not guilty pleas to the counts in the indictment.   On May 21, 2002, defendant also signed a waiver of anti-shuttling rights under the Interstate Agreement on Detainers and was returned to state custody.

A jury trial was scheduled for July 2, 2002.   However, on July 17, 2002, an order was filed vacating the trial date.   On August 29, 2002, defendant filed a motion to dismiss the indictment for failure to return the indictment within thirty days of the date of arrest in violation of 18 U.S.C. §3161(b).   On October 7, 2002, defendant filed a motion for reconsideration of the court's denial of the motion to dismiss.   On October 9, 2002, defendant's attorney filed a motion to withdraw, and the motion was granted on November 7, 2002.   New counsel was appointed on November 12, 2002. A pretrial conference was held on February 12, 2003, and trial was scheduled for May 20, 2003. By stipulation, the trial was later continued to July 15, 2003.   On July 8, 2003, defendant filed a supplemental brief in support of the motion to dismiss the indictment.   The trial was rescheduled to September 2, 2003, and again, by stipulation, to October 7, 2003.

On October 1, 2003, the district court scheduled a hearing on the motion to dismiss for October 29, 2003, and scheduled the trial for November 4, 2003. At the hearing on October 29, 2003, the motion to dismiss was denied, and a memorandum opinion and order was filed on November 4, 2003. On November 10, 2003, the trial was continued by stipulation to January 13, 2004. On January 13, 2004, the court held a pretrial conference at which it was reported that the parties were negotiating a plea. On January 26, 2004, defendant filed a motion for reconsideration of the November 4th order denying his motions to dismiss. On February 6, 2004, the district court entered an order denying the motion for reconsideration.

On April 5, 2004, defendant entered pleas of guilty to Counts 1 and 2 of the indictment pursuant to a plea agreement. On April 14, 2004, defendant was paroled from his state sentence, and was taken into federal custody at that time. On October 5, 2004, defendant was sentenced to a term of imprisonment of 70 months.

*First Assignment of Error*

Defendant argues in his first assignment of error that the district court erred in refusing to dismiss the indictment due to violations of the Speedy Trial Act and the Interstate Agreement on Detainers, specifically, the failure to provide him with information on how to demand a trial on the pending federal charges. In the alternative, defendant argues that the district court should have ordered that the sentence on the federal charges run retroactively concurrent with defendant's state sentence.

The Speedy Trial Act provides in relevant part:

(j)(1) If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly–

(A) undertake to obtain the presence of the prisoner for trial; or

(B) cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.

18 U.S.C. §3161(j)(1). The Interstate Agreement on Detainers similarly provides:

(c) The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

18 U.S.C. app. 2, §2, art. III(c).

In this case, the Michigan Department of Corrections notified the Marshal's Service that the previous federal detainer had been lodged against the defendant, and that the defendant was serving a state sentence. However, the Marshal's Service neglected to inform the United States Attorney's Office of that fact, and as a result, Form USM-17, which contains language requesting the warden to advise the defendant of the pending charges and his right to demand a trial on those charges, was never sent to the state institution. The government concedes that because the Michigan prison officials were never asked to inform defendant that he had the right to request a trial on the federal charges, §3161(j)(1) was violated.

The district court correctly held that dismissal of the indictment is not an appropriate remedy for a violation of §3161(j). Numerous courts have so held. *See*, *e.g.*, *United States v. Walker*, 255 F.3d 540, 542 (8th Cir. 2001); *United States v. Lainez-Leiva*, 129 F.3d 89, 91 (2nd Cir. 1997); *United States v. Guzman*, 85 F.3d 823, 829 n. 4 (1st Cir. 1996); *United States v. Wickham*, 30 F.3d 1252, 1255 (9th Cir. 1994); *United States v. Dawn*, 900 F.2d 1132, 1135-36 (7th Cir. 1990); *United States v. Anderton*, 752 F.2d 1005, 1008 (5th Cir. 1985). This court has also held in an unpublished decision that dismissal of the indictment is not an available remedy for a violation of the notice provisions of §3161(j). *See United States v. Dahlquist*, 993 F.2d 1547 (table), 1993 WL 152073 (6th Cir. 1993).

The district court also correctly held that dismissal of the indictment is not an available remedy for a violation of the notice provision of the Interstate Agreement on Detainers. *See United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002); *Walker*, 255 F.3d at 524; *United States v. Pena-Corea*, 165 F.3d 819, 821-22 (11th Cir. 1999); *Lara v. Johnson*, 141 F.3d 239, 243 (5th Cir. 1998).

As to defendant's argument that the district court should have ordered that his federal sentence run concurrently with the state sentence which he had already served, defendant points to no provision in the Speedy Trial Act or the Interstate Agreement on Detainers which would require the trial court to do so. The district court properly acted within its discretion in considering but rejecting concurrent sentences. In addition, the district court did note that the state probation violation resulted in defendant's criminal history category being raised from a Category IV to a Category V, and departed downward to a criminal history category of IV, thereby reducing defendant's sentence by more than a year to compensate for the delay in arraigning him

Defendant's first assignment of error is denied.

*Second Assignment of Error*

Defendant argues in his second assignment of error that his right to a speedy trial under the Sixth Amendment of the United States Constitution was violated due to the delay in bringing him to trial on the federal charges. In determining whether a defendant's right to a speedy trial has been violated, this court reviews questions of law *de novo* and questions of fact under the clearly erroneous standard. *United States v. Smith*, 94 F.3d 204, 208 (6th Cir. 1996).

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The four factors which must be balanced in a speedy trial analysis are: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See also Doggett v. United States*, 505 U.S. 647, 651 (1992)(restating and applying the four-factor test in *Barker*). No one factor is determinative; rather, they are related factors which must be considered together with such other circumstances as may be relevant. *Barker*, 407 U.S. at 533.

The first factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases. *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003). A delay approaching one year is presumptively prejudicial. *Doggett*, 505 U.S. at 652, n. 1. If the threshold is satisfied, the first factor must be considered along with the remaining three factors in the speedy trial analysis. *Id*. Since the delay in this case between the filing of federal charges and the district court's decision filed on November 4, 2003, denying the motion to dismiss, exceeded one year, we will address the remaining factors.

The second *Barker* factor focuses on the reason for the delay. Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against

the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government. *Barker*, 407 U.S. at 531. Addressing the second factor, the district court noted the government's concession that the proper detainer form was not filed against defendant after he was sentenced on the state charges, but further found that defendant was aware of the federal firearm charge pending against him, and that he could have made further inquiries of the state officials about what he could do to expedite the resolution of the federal charges. The record supports the district court's conclusion that the government and the defendant shared some fault in the delay of one year in securing defendant's presence for arraignment. However, the record shows no fault greater than negligence on the part of government and the Marshal's Service in failing to file the proper detainer form. The record also supports the district court's findings that most of the additional seventeen-month delay between the filing of the indictment on May 8, 2002, and the decision denying the motion to dismiss was attributable to the defendant because of various continuances requested by defendant's counsel, the withdrawal of defendant's original counsel due to defendant's complaints concerning the breakdown of their relationship, the appointment of new counsel, and defendant's requests for additional time to file a supplemental memorandum in support of his motion to dismiss.

The third *Barker* factor, defendant's assertion of his speedy trial rights, requires proof by the government that the defendant had knowledge of the federal charges. *See United States v. Brown*, 169 F.3d 344, 350 (6th Cir. 1999). Where it is shown that the defendant was aware of the charges against him, then this factor weighs heavily against the defendant. *See Schreane*, 331 F.3d at 557. The district court found that the third factor weighed against defendant because defendant failed to timely assert his right to a speedy trial. The court found that defendant learned of the pending federal complaint on May 29, 2001, but did not file his motion to dismiss on speedy trial grounds until August 29, 2002, fifteen months later. This finding of the district court is not clearly erroneous, and defendant's failure to timely assert his right to a trial upon learning of the federal charges weighs against his speedy trial claim.

The final *Barker* factor requires the defendant to show that "substantial prejudice" has resulted from the delay. *Schreane*, 331 F.3d at 557. If the government "prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay." *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000). In the absence of particularized trial prejudice, delay attributable to the government's negligence "has typically been shockingly long" to warrant a finding of prejudice. *Schreane*, 331 F.3d at 559 (citing *Doggett*, 505 U.S. at 657, involving a six-year delay). Shorter delays attributable to the government's negligence have been held not to give rise to a presumption of prejudice. *See id.* (delay of thirteen and one-half months attributable to government's negligence did not raise a presumption of prejudice).

The district court found that defendant had failed to show any prejudice to his defense resulting from the one-year delay between the filing of federal charges and defendant's arraignment on those charges and the further delay of approximately seventeen months between the arraignment and the ruling on the motion to dismiss. The court noted that although defendant was incarcerated pending trial, this was due to the fact that he was serving his state sentence.

Defendant argued before the district court that he was prejudiced because of the loss of an essential witness. He contended that at the time of his arrest on April 27, 2001, he was at a drug house where another man was present selling drugs, and that this man fled the house upon the arrival of the police. Defendant maintained that this man was an essential witness because the man could testify that he was selling drugs at the house, and that defendant was now unable to locate this man. The district court correctly rejected this argument, finding that there was no reason to believe that the inability to locate this witness was due to the delay in defendant's federal case rather than defendant's incarceration on the state case. We also note that defendant did not explain how

testimony that another other man was selling drugs in the house would be of benefit to his defense in light of the fact that defendant was arrested with a firearm on his person and numerous bags of crack cocaine in his pocket.

Defendant also complained that the pendency of the federal charges rendered him ineligible for certain placements and programs in the state prison. The district court correctly concluded that this was not the type of prejudice cognizable under the Sixth Amendment. *United States v. White*, 985 F.2d 271, 276 (6th Cir. 1993)(prejudice factor relates to delay that causes impairment of the defense, not delay that prevents federal sentence from running concurrently with a previously imposed sentence).

We agree with the determination of the district court that no Sixth Amendment violation occurred in this case. The district court's factual findings are not clearly erroneous. Weighing the *Barker* factors, we conclude that defendant was not denied his constitutional right to a speedy trial. Defendant's second assignment of error is denied.

*Third Assignment of Error*

In his third assignment of error, defendant contends that the provision in paragraph 5 of his plea agreement in which he agreed to waive his right to appeal his conviction or sentence if the court imposed a sentence of less than 87 months is not enforceable because the trial court never specifically addressed him during the plea proceedings to ascertain if he understood that provision. He also argues that the waiver provision is an invalid contract of adhesion. Finally, he argues that since he was sentenced prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines were viewed as mandatory by the sentencing court, and his case should therefore be remanded for resentencing pursuant to *Booker*.

The waiver provision contained in paragraph 5 of defendant's plea agreement reads as follows:

> *Defendant's waiver of appeal rights*. If the court imposes a sentence equal to or less than the maximum sentence described in ¶ 2 of this agreement [87 months], defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. §3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines. The parties agree, however, pursuant to Rule 11(a)(2), that defendant Robinson may appeal the court's ruling on two specific issues: (1) Whether Defendant Robinson received adequate notice pursuant to the Interstate Agreement on Detainers and (2) whether the Sixth Amendment's Speedy Trial Clause was violated.

Defendant first argues that the district court did not comply with the provisions of Fed. R. Crim. P. 11(b)(1)(N), which provides that before accepting a plea of guilty, the court must inform the defendant of, and determine that the defendant understands, "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Rule 11(b)(1)(N). The district court in this case did not specifically address the defendant concerning the appellate waiver provision in his plea agreement. The defendant did not object to this error before the district court.

"This Court reviews the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement *de novo*." *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). Alleged violations of Rule 11 are reviewed for plain error if the defendant did not object before the district court. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Defendant bears the burden of proof on plain error review. *Id*. at 62. Defendant must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If these three conditions are met, this court may notice

a forfeited error if the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 467 (1997).

In *United States v. Murdock*, 398 F.3d 491 (6th Cir. 2005), this court held that plain error occurred where the district court failed to address the defendant during the plea proceedings to ascertain whether the defendant was aware of and understood the appellate waiver provision in his plea agreement. In *Murdock*, the prosecutor, in summarizing the important provisions of the plea agreement, did not refer to the appellate waiver provision, and the district court failed to determine whether the defendant had discussed the waiver provision with his attorney. *Id*. at 497.

However, where the defendant states that he had reviewed the plea agreement with his attorney and that his attorney had explained the agreement, or where the prosecutor refers to the waiver provision in summarizing the terms of the plea agreement, this may be sufficient to insure that the waiver was knowing and voluntary. *Id*. at 497-98. *See also United States v. Sharp*, 442 F.3d 946 (6th Cir. 2006)(upholding plea where prosecutor summarized appellate waiver provision, and defendant stated in court that he had read the plea agreement, that he understood its terms, and that he had discussed the agreement with his attorney); *United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006)(explanation of the appellate waiver provision by prosecutor in summary satisfied Rule 11).

In the instant case, the district court asked defendant whether his attorney had explained the plea agreement that he signed and all of the provisions in it, and defendant responded, "Yes, Your Honor." The prosecutor summarized the appellate waiver provision, stating:

> Your Honor, I would like to point to one special provision regarding the defendant's waiver of his appellate rights. In this particular agreement, the defendant does agree to waive his appeal rights as a conditional waiver, Your Honor. The defendant, Mr. Robinson, may appeal the Court's ruling on two specific issues; on whether defendant Robinson received adequate notice pursuant to the Interstate Agreement on Detainers. And, two, whether the Sixth Amendment speedy trial clause was violated. Those are the only two issues the defendant has preserved for appellate purposes, Your Honor.

The district court then asked the defendant, "Is this the agreement as you understand it?" to which the defendant replied, "Yes, Your Honor." Thus, the substitutes for Rule 11 compliance noted in *Murdock* are present in this case. The failure of the district court to specifically address defendant concerning the waiver provision did not affect his substantial rights.

Defendant also argues that the waiver of appellate rights in his plea agreement was invalid as a contract of adhesion. As a general matter, a "waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled[.]" *United States v. Hare*, 269 F.3d 857, 862 (7th Cir. 2001)(rejecting argument that a waiver of appeal was invalid contract of adhesion, and noting that defendant was free to reject the plea offer and proceed to trial). In an unreported decision, *United States v. Hudson*, 52 F.3d 326 (table), 1995 WL 234652 at *1 (6th Cir. 1995), this court held that defendant's plea agreement was not an adhesion contract, noting that the defendant "was free to reject the agreement, and clearly negotiated with the government over its terms." *See also United States v. McClure*, 338 F.3d 847, 850-51 (8th Cir. 2003)(plea agreement not contract of adhesion; defendant did not have to enter into agreement, but was free to hold out for better terms, to proceed to trial, or to plead guilty without an agreement); *United States v. Difeaux*, 163 F.3d 725, 728 (2d Cir. 1998)(plea agreement waiving appeal rights if sentence imposed was within stipulated Guidelines range upheld against argument that it was adhesion contract).

Here, defendant was free to reject the government's plea offer and proceed to trial. Instead, he negotiated a plea agreement which actually preserved his right to appeal two legal issues. The appeal waiver in the plea agreement was not an unenforceable adhesion contract.

Defendant also argues that the appeal waiver provision should not bar his right to challenge his sentence under *United States v. Booker*, and that his case should be remanded to permit the trial judge to consider the imposition of a sentence outside the Guidelines, applying the statutory sentencing factors in 18 U.S.C. §3553(a). In *United States v. Bradley*, 400 F.3d 459, 463-65 (6th Cir. 2005), this court held that a voluntary and intelligent plea of guilty may waive constitutional or statutory rights then in existence as well as those that courts may recognize in the future, and that a defendant cannot seek to set aside his waiver of appellate rights and invalidate his sentence because he did not know when he pleaded guilty that the Supreme Court would later declare the Sentencing Guidelines to be advisory under *Booker*. *See also United States v. Dillard*, 438 F.3d 675, 685 (6th Cir. 2006)(defendant who waived right to appeal his sentence cannot seek remand under *Booker*).

Under paragraph 5 of the plea agreement in this case, defendant agreed to waive his right to appeal his conviction or sentence if the court imposed a sentence equal to or less than 87 months, with the exception of his arguments that he received inadequate notice of pending charges pursuant to the Interstate Agreement on Detainers and that his Sixth Amendment right to a speedy trial was violated. The court imposed a sentence of 70 months, thereby triggering the waiver of appeal provision. Although the defendant did not expressly agree to be sentenced under the Guidelines, this fact does not mandate a remand for resentencing. *See Dillard*, 438 F.3d at 685 (absence of express provision agreeing to Guidelines sentence "is of questionable relevance to the *Bradley* holding.").

The waiver of appeal rights in defendant's plea agreement is valid, and, in light of *Bradley*, no remand for resentencing is required. Defendant's third assignment of error is denied.

*Conclusion*

In accordance with the foregoing, the judgment and sentence imposed by the district court are AFFIRMED.