**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0786n.06

No. 11-1237

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Jul 20, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| J.C. CRAWFORD, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  BOGGS and WHITE, Circuit Judges; BLACK, District Judge.[*]

PER CURIAM.  J.C. Crawford, Jr., appeals his conviction for cocaine distribution, asserting that his Sixth Amendment right to a speedy trial was violated.  For the reasons set forth below, we AFFIRM.

On October 12, 2009, Michigan law enforcement officials arrested Crawford after he sold drugs to an undercover officer.  The Shiawassee County prosecutor's office charged Crawford with delivery of cocaine.  Upon a finding of probable cause, Crawford was bound over to the Shiawassee County Circuit Court for trial, which was scheduled to commence on March 30, 2010.  On March 26, 2010, Crawford filed a motion for adjournment of the trial date, which the circuit court granted, rescheduling the trial for June 8, 2010.

---

[*]The Honorable Timothy S. Black, United States District Judge for the Southern District of Ohio, sitting by designation.

On May 19, 2010, a federal grand jury charged Crawford with distributing cocaine on October 12, 2009, the date of his arrest by state authorities, in violation of 21 U.S.C. § 841(a)(1). The state charge against Crawford was dismissed. On July 14, 2010, Crawford moved to dismiss the federal indictment, asserting a violation of his Sixth Amendment right to a speedy trial. After a hearing, the district court denied Crawford's motion on September 17, 2010. Crawford proceeded to trial on October 19, 2010, and the jury found him guilty. The district court subsequently sentenced Crawford to a below-guidelines sentence of 192 months of imprisonment.

In this timely appeal, Crawford contends that his constitutional right to a speedy trial was violated when he was tried in federal court approximately a year after his arrest by state authorities for the same conduct. "In determining whether a defendant's right to a speedy trial has been violated, this court reviews questions of law *de novo* and questions of fact under the clearly erroneous standard." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006). We balance four factors in evaluating a Sixth Amendment speedy trial claim: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The first factor—length of delay—"is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases." *Robinson*, 455 F.3d at 607. The length of delay "is measured from the earlier of the date of arrest or the date of indictment." *United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1647 (2012). Crawford asserts that his arrest by state authorities on October 12, 2009, rather than his federal indictment on May 19, 2010, triggered his constitutional right to a speedy trial. The Supreme Court has noted that "an arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to

possible subsequent indictments by another sovereign." *United States v. MacDonald*, 456 U.S. 1, 10 n.11 (1982). Other circuits have held that an "arrest on state charges does not engage the speedy trial protection for a subsequent federal charge." *United States v. Garner*, 32 F.3d 1305, 1309 (8th Cir. 1994); *see United States v. Dowdell*, 595 F.3d 50, 61-63 (1st Cir. 2010) ("The speed of a federal trial is measured from the federal accusation on which it is based; one sovereign's enforcement of its own criminal laws is not attributable to another sovereign merely because of the presence of investigatory assistance, prosecutorial collaboration, or overlap among charges."); *United States v. Battis*, 589 F.3d 673, 678-79 (3d Cir. 2009) ("When an arrest on state charges is followed by a federal indictment, the right to a speedy trial in the federal case is triggered by the federal indictment, and the time period under consideration commences on that date."); *United States v. Muniz*, 1 F.3d 1018, 1024 (10th Cir. 1993) ("'Where the initial arrest is solely for violation of state law, then it is generally accepted that this arrest does not mark the commencement of the speedy trial right as to a subsequent federal charge, even if based on the same activity.'" (quoting 2 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure* § 18.1 (1984 & Supp. 1991))).

Regardless of whether Crawford's state arrest or the federal indictment is used as the triggering date, the length of delay in this case was not "uncommonly long." Excluding the nearly two-month period between Crawford's motion for adjournment in state court and the federal indictment as well as the two-month period during which his motion to dismiss was pending, *see United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000) (not counting periods of delay attributable to the defendant), the delay between his state arrest and his federal trial was approximately eight months. If the federal indictment is used as the triggering date, that is May 19, 2010, less than three months passed before Crawford's scheduled trial date. Because either delay

is not presumptively prejudicial, our review of the other *Barker* factors is unnecessary. *See United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (holding that delay of approximately nine months was not "uncommonly long"); *United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002) (holding that nearly nine-month delay was not presumptively prejudicial).

We conclude that Crawford's Sixth Amendment right to a speedy trial was not violated and therefore AFFIRM the district court's judgment of conviction.