NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1171n.06

No. 11-4393

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 13, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| ARSUNTAE K. ABAYOMI, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.   Arsuntae K. Abayomi pleaded guilty to one count of being a felon in possession of a firearm.  *See* 18 U.S.C. § 922(g)(1).  On November 23, 2011, the district court sentenced Abayomi to forty-six months of imprisonment and three years of supervised release.

In accordance with *Anders v. California*, 386 U.S. 738, 744 (1967), Abayomi's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal.  Counsel has identified several potential points for appeal by discussing whether Abayomi's plea was valid and whether his sentence was reasonable.  Abayomi did not file a timely response to counsel's motion.  Moreover, an independent examination of the proceedings shows that his attorney made an adequate review of the record and that there is no issue that would support a viable direct appeal.  *See id.*

Abayomi signed a plea agreement wherein he agreed to waive his right to an appeal.  The district court confirmed Abayomi's understanding of the plea agreement, including the waiver of his appellate rights.  Moreover, the sentence that he received did not exceed the applicable sentencing guidelines range or the statutory maximum for his conviction.  *See* 18 U.S.C. § 924(a)(2).  Thus,

Abayomi has waived his right to appeal. *See United States v. Robinson*, 455 F.3d 602, 610 (6th Cir. 2006); *United States v. McGilvery*, 403 F.3d 361, 362–63 (6th Cir. 2005). There are no apparent grounds for challenging Abayomi's conviction or sentence on direct appeal.

Before it accepted Abayomi's guilty plea, the district court established that he understood his rights, the nature of the charges, and the consequences of pleading guilty. Abayomi indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. Abayomi was represented by counsel and counsel has not made any attempt to withdraw his plea. Under these circumstances, Abayomi's guilty plea and conviction are valid.

We review the district court's sentencing decisions for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). Thus, we "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* A sentence is credited with a rebuttable presumption of reasonableness if it falls within the applicable sentencing guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Abayomi's presentence report indicated that he had an advisory sentencing guidelines range of thirty-seven to forty-six months of imprisonment. Abayomi did not object to the report. Therefore, he has forfeited any objections that he might have in the absence of plain error that affects his substantial rights. *See id.* at 385–86. Further, there is no plain error in this case.

The forty-six-month sentence that Abayomi received carries a rebuttable presumption of reasonableness because it fell within the applicable sentencing guidelines range. *See id.* at 389–90. The district court also considered the other sentencing factors that are listed in section 3553(a),

including the history and characteristics of the defendant, the circumstances of the offense, and the need for rehabilitative treatment.  Thus, Abayomi does not have a viable sentencing issue to raise on direct appeal.

Counsel's motion to withdraw is granted and the district court's judgment is affirmed.