CLAY, Circuit Judge,
concurring.
I agree with the majority that Defendants’ speedy trial rights were violated, but write separately to provide additional explanation concerning the standard of review with respect to the second Barker factor: reason for delay. Barker v. Win-go, 407 U.S. 514, 530-31, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
To determine whether a speedy trial violation has occurred, courts look to the four Barker factors: length of trial delay, reason for delay, defendant’s assertion of his right to a speedy trial, and prejudice to the defendant. Id. at 530, 92 S.Ct. 2182. The majority correctly lays out the primary standard of review for speedy trial cases: questions of law are reviewed de novo and questions of fact are reviewed for clear error. Maj. Op. at 6 (citing United States v. Robinson, 455 F.3d 602, 607 (6th Cir.2006)). But when the controlling issue of whether Defendants’ speedy trial rights were violated requires us to balance factors, we must also ask how we are to review the district court’s findings on each of those factors. See, e.g., United States v. Grigsby, 712 F.3d 964, 969-70 (6th Cir.2013) (noting the use of differing standards of review for each factor in a four-factor balancing test).
That question is easily answered with respect to first and third Barker factors,
*512 length of delay and defendant’s assertion of his right to a speedy trial, respectively. Both are clearly questions of fact that we review for clear error. The other two factors do not admit to quite so easy answers. The fourth factor, prejudice, likely presents a mixed question of law and fact which we would review de novo, ef. Wilson v. Parker 515 F.3d 682, 707 (6th Cir.2008) (noting that the prejudice prong of an ineffective assistance of counsel analysis is a mixed question that is reviewed de novo), but the proper scope of our review of that factor need not be settled today. That leaves the second factor — reason for delay.
With respect to the reason for delay, the Supreme Court has told us that we must accord “considerable deference” to the district court. Doggett v. United States, 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Considerable deference is not, however, a standard we frequently apply in connection with appellate review, but it would appear that in this context, considerable deference equates to clear error review, which is familiar. For the proposition that considerable deference applies in reviewing the second Barker factor, Doggett cited McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954), an admiralty case that involved reviewing a “finding” of negligence, and a section of Wright & Miller’s Federal Practice and Procedure that discusses McAllister. Doggett, 505 U.S. at 652, 112 S.Ct. 2686. That section described McAllister as holding “that a determination of negligence is reviewed under the clearly erroneous rule.” 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2590 (1st ed.1971) (internal quotation marks omitted). Like negligence in admiralty cases, Doggett suggests that review of a district court’s determination about whether the asserted reason for delay is justified is to be reviewed for clear error.[1]
Applying that familiar standard, a finding is clearly erroneous when, “although there may be evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” United States v. Master, 614 F.3d 236, 238 (6th Cir.2010) (internal quotation marks omitted). In this case, the district court determined that “[t]his case lies somewhere in the middle ground in assessing responsibility for the delay,” finding that the government’s conduct was not “attributable to bad faith” but was also not “absolutely justified.” United States v. Heshelman, No. 06-CR-44, 2009 WL 1409472, at *4 (W.D.Mich. May 20, 2009). The only justification that the government offered for its wait-and-see approach, merely hoping that Heshelman would return to the United States voluntarily, was its uncertainty about whether the Swiss would extradite Heshelman on the money laundering charges if it asked the Swiss to do so. Further, that uncertainty was revealed only by the testimony of Agent Wetherbee. Wetherbee’s testimony was not corroborated or supported. The government did not introduce any evidence concerning why Wetherbee thought that it was possible that the Swiss might decline to extradite on the money-laundering charges. The “why” is crucial to establishing the reason *513 ableness of Wetherbee’s subjective uncertainty as to the reasonableness of that uncertainty, and more broadly, the reasonableness of the government’s basing its three years of lack of concrete action on that uncertainty. Without the government satisfactorily explaining its actions, it was clear error for the district court not to have weighed this factor against the government.
I therefore agree with the majority that the unsatisfactory reason provided by the government for the delay, combined together with the 39-month delay, raises the presumption of prejudice, see Maj. Op. at 16-17 (citing United States v. Ferreira, 665 F.3d at 701, 709 (6th Cir.2011)), thereby enabling Defendants to establish a violation of their speedy trial rights, see United States v. Graham, 128 F.3d 372, 375 (6th Cir.1997). For the foregoing reasons, I concur in the majority opinion.

. The other case cited by Doggett on this point is Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), a case dealing with the imposition of sanctions under Federal Rule of Civil Procedure 11. The portion of Cooter & Gell cited by the Doggett Court discusses how ‘‘[t]he considerations involved in the Rule 11 context are similar to those involved in determining negligence, which is generally reviewed deferentially.” Cooter & Gell, 496 U.S. at 402, 110 S.Ct. 2447 (citing McAllister, 348 U.S. at 20-22, 75 S.Ct. 6) (additional citation omitted).