NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0085n.06

No. 13-3329

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
***Jan 30, 2014***
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| HARRY H. JONES, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge, and GRIFFIN, Circuit Judges; and BELL, District Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Harry H. Jones conditionally pled guilty to willfully filing a false tax return in violation of 26 U.S.C. § 7206(1), reserving the right to appeal the district court's denial of his motion to dismiss the indictment based on an alleged violation of his Sixth Amendment right to a speedy trial. On appeal, Jones argues that the district court erred in finding that a six-year-and-two-week delay between his indictment and arrest did not constitute a violation of his constitutional right to a speedy trial. We disagree and affirm.

I.

On October 14, 2004, the government charged defendant Harry H. Jones, a CPA, with one count of filing a false return for tax year 1997, in violation of 26 U.S.C. § 7206(1), and two counts

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

of failing to file tax returns, for tax years 1998 and 1999, in violation of 26 U.S.C. § 7203.  An arrest warrant was issued four days later and posted with the National Crime Information Center (NCIC) in February 2005.

On October 29, 2010—six years and two weeks after he was indicted—authorities arrested Jones in the Western District of New York as he was entering the country from Canada.  His arrest was based upon the warrant in the NCIC, which had been continually posted with the service since 2005.  Jones was thereafter committed to the Southern District of Ohio.  He promptly filed a motion to dismiss the indictment based upon an alleged violation of his Sixth Amendment right to a speedy trial.

In his motion, Jones claimed that the government violated his speedy-trial right because it took "no action" in his case during the six years and two weeks between his indictment and arrest. The government responded that it did not know where Jones was located during that time and had no information as to his whereabouts until his arrest.  After hearing oral argument, the district court denied Jones's motion in a written opinion.

Jones subsequently entered a conditional guilty plea to filing a false return for tax year 1997, reserving the right to appeal the denial of his motion to dismiss.  The court sentenced Jones to one year and one day imprisonment, one year of supervised release, and also ordered restitution as a condition of supervised release but held the amount in abeyance pending the receipt of certain information from the IRS.  Jones timely appealed.

II.

The parties dispute whether the district court erred in denying Jones's motion to dismiss the indictment due to an alleged violation of his Sixth Amendment right to a speedy trial.  We review the district court's legal rulings on this issue de novo and its factual findings for clear error.  *United States v. Ferreira*, 665 F.3d 701, 705 (6th Cir. 2011).

The Sixth Amendment provides criminal defendants a right to a speedy trial.  U.S. Const. amend. VI.  "Courts must balance four factors to determine whether a delay violated the Sixth Amendment:  (1) the '[l]ength of the delay'; (2) 'the reason for the delay'; (3) 'the defendant's assertion of his right'; and (4) 'prejudice to the defendant.'"  *Ferreira*, 665 F.3d at 705 (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).  The parties agree that the relevant "delay" in this case is the six years and two weeks between the indictment and the arrest.  The parties also agree that Jones timely asserted his speedy trial right.

"The first factor is a threshold requirement:  we only consider the remaining *Barker* factors if the delay is longer than one year."  *United States v. Zabawa*, 719 F.3d 555, 563 (6th Cir. 2013) (citing *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006)).  The rationale here is that judicial examination of a speedy trial claim is needed only where the delay crosses the line dividing ordinary from "'presumptively prejudicial[.]'"  *Girts v. Yanai*, 600 F.3d 576, 588 (6th Cir. 2010) (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)).

In this case, the delay was six years and two weeks, so we must consider the remaining *Barker* factors.  Jones argues that the district court erred in finding that "it is unnecessary to decide"

whether the length of the delay was "presumptively prejudicial" for purposes of the threshold requirement. Even if this was error, it was harmless because, although the district court stated it was "unnecessary to decide" the issue, it plainly assumed that Jones had *satisfied* the threshold requirement. If it had not, the court would not have addressed the remaining *Barker* factors as it did.

"The second *Barker* factor looks at 'whether the government or the criminal defendant is more to blame for [the] delay.'" *Zabawa*, 719 F.3d at 563 (quoting *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005)). "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government." *Robinson*, 455 F.3d at 607. Thus, "different weights should be assigned to different reasons[,]" *Barker*, 407 U.S. at 531, and a district court's conclusions regarding these inquiries are entitled to "'considerable deference,'" *United States v. Brown*, 169 F.3d 344, 349 (6th Cir. 1999) (quoting *Doggett*, 505 U.S. at 652).

Here, Jones does not allege any "bad faith" on the government's part and the government offers no "valid reason" for the delay. The parties dispute only whether the government exhibited reasonable diligence in attempting to discover Jones's whereabouts from the time of the indictment until his arrest. The district court did not clearly err in finding that it did.

Based upon affidavits from an IRS special agent and a deputy U.S. Marshal, the court found that the government did not know where Jones was located after 1999 and had no information or leads as to his whereabouts until he was arrested. The court also found that the government

exercised reasonable diligence in discharging its duty to bring Jones to trial by continually posting his arrest warrant with the NCIC, one of the only options available given that Jones's location was unknown. However, because the government conceded that it did bear some responsibility for the delay, the court ultimately determined that the second *Baker* factor was neutral in the analysis.

Jones offers no good reason to upset the "considerable deference" afforded to the district court's conclusion. He does not dispute that the government had no information about his whereabouts, that it continually posted his warrant with the NCIC or that his arrest was based upon the NCIC posting. Rather, Jones argues that the government was negligent because it should have done more to find him. This argument provides no basis to conclude that the district court erred in determining that the government acted with reasonable diligence under the circumstances.

First, the cases Jones relies on, *Doggett* and *Ferreira*, are easily distinguishable because in those cases, the government was actually aware of the defendant's whereabouts post-indictment but were faulted for failing to follow up on the defendant's status and take the necessary steps to timely bring the defendant to trial. In *Doggett*, the government knew that the defendant was in Panama post-indictment, 505 U.S. at 649, and in *Ferreira*, the government knew that the defendant was in state custody on unrelated charges post-indictment, 665 F.3d at 704. In this case, the district court found as a matter of fact that the government had no idea where Jones was since 1999 and had no post-indictment leads as to his whereabouts. This record-supported finding is not clearly erroneous.

Second, the courts in *Doggett* and *Ferreira* both notably *affirmed* a trial court's finding that the government acted negligently and did not invade upon the "considerable deference" afforded

to a district court's conclusion regarding the second *Barker* factor. *See Brown*, 169 F.3d at 349; *see also United States v. Heshelman*, 521 F. App'x 501, 509 (6th Cir. 2013) ("[T]he district court's conclusion that the government acted with reasonable diligence is entitled to 'considerable deference[.]'") (quoting *Doggett*, 505 U.S. at 652).

Third, "[i]n assessing the [g]overnment's role in post-indictment delay, it is important to avoid the temptation to rely on unfair 'hindsight' or to engage in excessive 'Monday morning quarterbacking.'" *United States v. Valiente-Mejia*, No. 04 CR 772 (NRB), 2009 WL 3401210, at *8 (S.D.N.Y. Oct. 19, 2009) (quoting *United States v. Agreda*, 612 F. Supp. 153, 158 (E.D.N.Y. 1985). Jones openly invites the court to indulge in this temptation as he offers a litany of ways in which the government could have searched for him but did not. We decline the invitation because that inquiry is relevant—as *Doggett* and *Ferreira* make clear—only when the government knew of a defendant's whereabouts but took no further reasonable actions to apprehend him. Here, the government had no idea where Jones was located, and it continually posted his arrest warrant with the NCIC for over five years to effectuate his arrest. Under these circumstances, the district court did not commit reversible error in concluding that the government acted with reasonable diligence.

The fourth and final *Barker* factor "'requires the defendant to show that substantial prejudice has resulted from the delay.'" *Zabawa*, 719 F.3d at 563 (quoting *Robinson*, 455 F.3d at 608). "Prejudice 'should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect,' of which there are three: '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense

will be impaired.'" *Ferreira*, 665 F.3d at 706 (quoting *Barker*, 407 U.S. at 532). "To the extent that the district court ruled on [a defendant's] prejudice claims, its factual findings are reviewed for clear error." *United States v. Young*, 657 F.3d 408, 419 (6th Cir. 2011).

In this case, Jones claims only the third type of prejudice. He maintains that his defense has been impaired because the delay has caused the loss or destruction of (1) certain "working papers," records of a reconciliation of his trust account related to a complex transaction to sell his accounting practice; (2) records of a civil case in which he was a defendant; and (3) bank account records of a disbarred attorney. Jones claims that these missing records are vital for the purpose of determining what income was attributable to him and that the lack of the records denies him the right to defend himself.

"In this circuit '[w]hen the government prosecutes a case with reasonable diligence'"—as is the case here—"'a defendant who cannot demonstrate how his defense was prejudiced with *specificity* will not make out a speedy trial claim no matter how great the ensuing delay.'" *Id.* at 418 (quoting *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000)). Morever, this "specific prejudice must be '*substantial* prejudice' for a defendant to prevail on a speedy-trial claim." *Id.* (quoting *United States v. White*, 985 F.2d 271, 276 (6th Cir. 1993) (emphasis added)).

The district court did not clearly err in finding that Jones had failed to establish prejudice. The court properly rejected Jones's assertion that without the missing records, it was "virtually impossible to prepare a defense[.]" Other than his affidavit, which essentially claimed that the missing records would have shown what was income to him and what was not, Jones presented no

other evidence to confirm or explain the exculpatory content of such records. His generalized assertion that these records are essential to his defense fails the specificity inquiry.

Moreover, an entire universe of evidence that was available regarding Jones's guilt undermines his claim that he has suffered substantial prejudice from the lost records. For example, Jones collected "substantial income" in 1998 and 1999 from investments in brokerage accounts, precious metals, and insurance policies, yet he did not file tax returns for those years. The missing records would not help Jones defend against the tax evasion charges for those years because the records have nothing do with those three sources of income. *See Wilson v. Mitchell*, 250 F.3d 388, 396 (6th Cir. 2001) (state court reasonably applied fourth *Barker* factor in finding that, although defendant's father had died before trial, prejudice was not established where it was not shown that if the unavailable testimony had been presented, the outcome would have been different). Relatedly, the degree of prejudice that Jones would have us assign to the missing records is too speculative because this case did not go to trial. *See United States v. MacDonald*, 435 U.S. 850, 858 (1978) ("Before trial . . . an estimate of the degree to which delay has impaired an adequate defense tends to be speculative."). Given the totality of the evidence against Jones, he cannot establish that the absence of certain records inflicted a specific and substantial prejudice to his ability to defend.

Further, the district court correctly declined to afford Jones a presumption of prejudice. We have recognized that "'extreme' delays may, on their own, 'give rise to a strong presumption of evidentiary prejudice affecting the fourth *Barker* factor.'" *Ferreira*, 665 F.3d at 706 (quoting *United States v. Smith*, 94 F.3d 204, 209 (6th Cir. 1996)). "The presumption of prejudice only applies,

however, when the delay is attributable to the government's negligence." *Zabawa*, 719 F.3d at 563.

Here, the government acted with reasonable diligence. Accordingly, the district court correctly held

that Jones was not entitled to a presumption of prejudice.

III.

For these reasons, we affirm the judgment of the district court.