NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0197n.06

Case No. 19-1765

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Apr 06, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ADAM BLAKE BROWN, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GUY, THAPAR, and BUSH, Circuit Judges.

THAPAR, Circuit Judge. Adam Brown spent nearly a year and a half in jail before pleading guilty to a federal gun crime. He argues that this delay violated his constitutional and statutory rights to a speedy trial. Because Brown waived his statutory argument in his plea agreement and his constitutional argument fails on the merits, we affirm.

I.

Back in August 2017, Detroit police arrested Brown (a state felon on parole) for possessing a firearm. This conduct violated both Brown's parole terms and federal criminal law. *See* 18 U.S.C. § 922(g)(1). So the United States obtained a warrant, and Brown consented to being transferred to federal custody.

The district court then appointed a federal public defender to represent Brown. Between September 2017 and May 2018, that attorney sought and obtained five continuances to acquire Brown's mental-health records. And she represented that Brown had agreed to these delays.

In June, the government formally charged Brown. Around the same time, his attorney retired, so a new public defender took over the case. But that lawyer withdrew after Brown voiced concerns about the first public defender's performance. The district court then appointed private counsel under the Criminal Justice Act. *See* 18 U.S.C. § 3006A.

With this new counsel's help, Brown moved to dismiss the case for an alleged violation of his right to a speedy trial. He argued that his first lawyer had dragged her feet in obtaining his medical records and had failed to consult with him about the continuances. But the district court found no speedy-trial problem and thus denied Brown's motion.

Two months later, Brown pled guilty under a conditional plea agreement. *See* Fed. R. Crim. P. 11(a)(2). This appeal followed.

## II.

Brown raises arguments under two distinct sources of law: (1) the Sixth Amendment's Speedy Trial Clause and (2) the Speedy Trial Act. U.S. Const. amend. VI; 18 U.S.C. § 3161; *see also United States v. Loud Hawk*, 474 U.S. 302, 304 n.1 (1986) (noting that the two provisions are not coextensive). But in his plea agreement, Brown only preserved one issue for appeal—his constitutional claim under the Speedy Trial *Clause*. *See* R. 45, Pg. ID 153 (providing that any appeal "be limited *solely* to the ground that [Brown] raised in his written pretrial motion: an alleged violation of *the Sixth Amendment's Speedy Trial Clause*" (emphases added)). In addition, he waived the right to appeal on any other grounds (including the Speedy Trial Act). And we enforce that waiver according to its terms. *See United States v. Schaffer*, 586 F.3d 414, 420 (6th Cir. 2009); *see also United States v. Pickett*, 941 F.2d 411, 416–17 (6th Cir. 1991) (holding that Speedy Trial Act violations are waivable).

To analyze the Speedy Trial Clause question, we apply a balancing test with four interrelated factors: (1) the length of the delay, (2) the reasons for the delay, (3) whether and how Brown asserted his speedy-trial rights, and (4) whether Brown suffered prejudice. *See Doggett v. United States*, 505 U.S. 647, 651 (1992); *Barker v. Wingo*, 407 U.S. 514, 530–33 (1972); *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017). (Although these factors aren't exhaustive, they're the canonical four and the only ones the parties have briefed here. *See Barker*, 407 U.S. at 533.)

*Length of Delay.* Some delays (generally, those well under a year) are so short that courts won't even bother with the next three factors. *See Doggett*, 505 U.S. at 652 n.1; *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006). Other delays are so long that courts will not only apply the remaining factors, they'll go ahead and *presume* prejudice at factor four. *See Doggett*, 505 U.S. at 652, 657–58; *United States v. Ferreira*, 665 F.3d 701, 706 (6th Cir. 2011).

This case falls between those extremes. Brown pled guilty seventeen months after his arrest. *See United States v. Young*, 657 F.3d 408, 414 (6th Cir. 2011) (defining the time from arrest to plea as the relevant time period). The parties agree that's long enough to trigger the balancing test. But it isn't long enough to get Brown a presumption of prejudice. *See Brown*, 845 F.3d at 717 (no presumption for twenty-five-month delay); *United States v. Jackson*, 473 F.3d 660, 667 (6th Cir. 2007) (same for twenty-month delay). In short, factor one gets Brown in the door but no farther.

*Reasons for Delay.* The Supreme Court has called this factor "[t]he flag all litigants seek to capture." *Loud Hawk*, 474 U.S. at 315. Under this heading, courts ask which side prolonged the case: the government or the defense? *See Doggett*, 505 U.S. at 651; *Brown*, 845 F.3d at 714.

This key factor weighs against Brown. Why did this case take so long? Because the district court granted five continuances early in the case. Who sought those continuances? Brown's first public defender. So who is responsible for the delay? Brown. That's the lesson of *Vermont v. Brillon*, which held that "delay caused by the defendant's counsel is [ ] charged against the defendant"—including when defense counsel is a public defender. 556 U.S. 81, 91 (2009).

True, *Brillon* left open the possibility that the government might be blamed for a "systemic breakdown in the public defender system." *Id.* at 94 (cleaned up). But there's no evidence of such a breakdown here. Indeed, Brown argues that his lawyer delayed his case for *personal* reasons (her impending retirement), not systemic ones. Even if he's right, the government isn't responsible for that kind of delay. *See id.* at 92.

*Assertion of Rights.* Brown's record of asserting his speedy-trial rights is spotty at best. The soonest he *arguably* asserted them was in "early 2018," when he claims to have sent a letter (never produced) to a district judge (the wrong one) to ask why his case was in limbo. Assuming this happened (and that it counts as an assertion of his rights), it was still four months or more after Brown's arrest. That's a significant delay. *See United States v. Schreane*, 331 F.3d 548, 557 (6th Cir. 2003) (holding that a delay of four months and three weeks weighed against the defendant). What's more, Brown has never claimed that he raised *any* timing concerns with his first public defender, even though they met regularly in the first quarter of 2018.

Likewise, that summer, Brown had at least two substantial meetings with his second public defender before he raised any speedy-trial concerns with her. And he didn't raise any timing complaints at his arraignment. All in all, the evidence that Brown actively asserted his speedy-trial rights is thin.

*Prejudice.* The fourth and final factor also cuts against Brown. In the speedy-trial context, "the most serious" form of prejudice is the risk of impairing the defense. *Doggett*, 505 U.S. at 654 (quoting *Barker*, 407 U.S. at 532). But Brown doesn't claim to have suffered that sort of prejudice. And for good reason: the delay in his case did not make a conviction any more likely. Even if Brown had gone to trial, the evidence against him was cut-and-dry from the beginning.

In lieu of injury to his defense, Brown points to the inherent inconvenience and distress that come with being jailed. But even if the federal government hadn't kept Brown in custody, *Michigan* would have detained him for his parole violation. *See Brown v. Bobby*, 656 F.3d 325, 335 (6th Cir. 2011); *United States v. Brown*, 498 F.3d 523, 532 (6th Cir. 2007). Either way Brown was going to be detained.

In passing, Brown also asserts that he "lost the opportunity to resolve his parole issue" as a result of his long federal detention. Appellant Br. at 22. But he fails to elaborate on this point beyond the snippet just quoted, forfeiting any argument he might have had. *See United States v. Bradley*, 917 F.3d 493, 509 (6th Cir. 2019).

*Conclusion.* The first factor gets Brown over the threshold but no farther, and the other three factors cut against him (especially factors two and four). All told, the balance tilts heavily against a violation of the Speedy Trial Clause.

We affirm.